CP-98-1                                                                    1

En el Tribunal Supremo de Puerto Rico

| IN RE:<br>FRANCISCO PADILLA RODRIGUEZ<br>       QUERELLADO<br><br>       .V | CONDUCTA<br>PROFESIONAL<br><br>TSPR98-56 |
|---|---|

Número del Caso: CP-98-1

Abogados Parte Querellante: LCDA. YVONNE CASANOVA PELOSI

Abogados Parte Querellada: LCDO. ANDRES DIAZ NIEVES

Abogados Parte Interventora:

Tribunal de Instancia:

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 5/18/1998

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Padilla Rodríguez

CP-98-1

PER CURIAM

San Juan, Puerto Rico, a 18 de mayo de 1998

I

El 14 de enero de 1998, la Oficina del Procurador General presentó una querella contra el Lcdo. Francisco Padilla Rodríguez. Alegó que en el 1987, mientras éste se desempeñaba como Juez Superior, su ex esposa instó un procedimiento para solicitar el aumento de una pensión alimentaria. Señaló que durante dicho procedimiento, el licenciado Padilla Rodríguez suscribió una declaración jurada en la que no informó la suma de ocho cientos setenta y cinco dólares ($875) que había devengado como ingreso, por haber enseñado unos cursos universitarios en la

Universidad Interamericana. Consideró que el haber omitido bajo juramento, información divulgable y pertinente en el trámite de un procedimiento de pensión alimentaria constituyó una conducta seria y digna de ser examinada por este Tribunal.

En atención a lo anterior, la Oficina del Procurador General le imputó los siguientes cargos:

### Primer Cargo

El abogado Francisco Padilla Rodríguez violó el Canon 35 de Ética Profesional [4 L.P.R.A. Ap. IX], el cual entre otras cosas, obliga a todo abogado a ser sincero y honrado utilizando siempre medios consistentes con la verdad evitando así inducir a error al tribunal con una falsa relación de hechos.

### Segundo Cargo

El abogado Francisco Padilla Rodríguez violentó los principios del Canon 38 de Ética Profesional [4 L.P.R.A. Ap. IX], el cual entre otras cosas, obliga a todo abogado a desempeñarse tanto en su vida privada como profesional en forma digna y honorable.

El 31 de marzo de 1998, el licenciado Padilla Rodríguez presentó su contestación a la querella. En ella, aunque admitió la omisión de informar el ingreso universitario en la declaración jurada que suscribiera el 16 de diciembre de 1987, alegó que tal omisión "fue un acto negligente e imprudente que no debió haber ocurrido". Sostuvo, además, que "no hubo intención alguna de inducir a error al [...] [t]ribunal...". Pidió excusas por su comportamiento y reconoció la facultad de este Tribunal para imponer las medidas disciplinarias que en justicia procedieran.

En vista de que el licenciado Padilla Rodríguez aceptó los hechos en los cuales se basó la querella, esto es, la omisión de informar el ingreso derivado del contrato de enseñanza con la Universidad Interamericana en la declaración jurada que suscribiera en el procedimiento de aumento de pensión, resolvemos sin ulteriores procedimientos.

II

En lo que aquí respecta, el Canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX, expone claramente que **"[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, ... debe ser sincera y honrada."** Más adelante dicho canon añade que **"[n]o es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error...".** (Énfasis nuestro.)

Por su parte, el Canon 38 de Ética Profesional, supra, dispone, en lo pertinente, que **"[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia."** Además, **"[p]or razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable."** (Énfasis nuestro.) Véase, además: In re Roldán Figueroa, 106 D.P.R. 4, 12 (1977).

Es ineludible la conclusión de que los cánones a los cuales hemos hecho referencia, exigen a todo abogado ejercer su profesión con sinceridad y honradez, así como conducirse, en el desempeño de su profesión y en su vida privada, de manera digna y honorable. Véase, In re López de Victoria Brás, Op. de 6 de abril de 1994, 135 D.P.R.____(1994), 94 JTS 48, pág. 11767. Armonizando lo antes dicho, en In re Otto H. Currás Ortiz, P.C. de 13 de agosto de 1996, 141 D.P.R.____(1996), 96 JTS 114, pág. 112, expresamos que falta a su deber de actuar con integridad, aquel abogado que bajo juramento miente a un tribunal para promover su propia causa. Véanse, además: In re Pagán Hernández, P.C. de 21 de junio de 1996, 141 D.P.R.____(1996), 96 JTS 97, pág. 1332 e In re Colón Ramery, Op. de 8 de junio de 1993, 133 D.P.R.____(1993), 93 JTS 91, pág. 10797.

III

Analizada la única conducta antiética imputada al licenciado Padilla Rodríguez, a la luz de los Cánones 35 y 38 de Ética Profesional y la jurisprudencia citada, la aceptación que éste hizo de que la misma fue un acto imprudente y negligente de su parte, tomando en consideración las excusas expresadas y el hecho de que no se ha perjudicado persona alguna, el Tribunal limita la sanción impuesta al licenciado Padilla Rodríguez a una amonestación. Se le apercibe, además, que en el futuro deberá ser más cuidadoso y evitar incurrir en conducta negligente e imprudente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Padilla Rodríguez

CP-98-1

SENTENCIA

San Juan, Puerto Rico, a 18 de mayo de 1998

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, tomando en consideración la única conducta antiética imputada al Lcdo. Francisco Padilla Rodríguez, a la luz de los Cánones 35 y 38 de Ética Profesional y la jurisprudencia citada, la aceptación que éste hizo de que la misma fue un acto imprudente y negligente de su parte, las excusas expresadas y el hecho de que no se ha perjudicado persona alguna, el Tribunal limita la sanción impuesta al licenciado Padilla Rodríguez a una amonestación. Se le apercibe que en el futuro deberá ser más cuidadoso y evitar incurrir en conducta negligente e imprudente.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor

Negrón García está inhibido.  El Juez Asociado señor Rebollo López no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo