AB-97-44                                                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Lcdo. Dennis Vélez Barlucea | Querella <br><br> 2000 TSPR 158 |

Número del Caso: CP-97-14

Fecha: 26/octubre/2000

Oficina del Procurador General:

> Lcdo. Francisco J. González Muñiz
> Procurador General Auxiliar

Abogado de la Parte Querellada:

> Lcdo. Marco A. Rigau

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Dennis Vélez Barlucea                CP-97-14          Queja

PER CURIAM

San Juan, Puerto Rico, a 26 de octubre de 2000.

El licenciado Dennis Vélez Barlucea otorgó un contrato de servicios profesionales con el Municipio de Adjuntas, con vigencia del 1ro. de julio de 19991 hasta el 30 de junio de 1992.[1] Varias estipulaciones contractuales entre las partes merecen nuestra atención, entre ellas, las siguientes:

> ---PRIMERO: El ASESOR LEGAL se compromete y obliga a prestarle asesoramiento legal al MUNICIPIO, a representarlo en los Tribunales de

---

[1] Véase Exhibit III del Informe del Comisionado Especial.

Justicia de Puerto Rico; a emitir consultas y opiniones legales en aquellos casos que tenga a bien encomendarle el MUNICIPIO, a intervenir en la redacción de proyectos y resoluciones estatales y municipales; a emitir consultas y opiniones legales en aquellos casos relacionados con la Ley Municipal, la Ley y el Reglamento [sic] de Personal, incluyendo separaciones de cargo y empleos, y formulación de cargos de empleados municipales que le refiera el MUNICIPIO.---------------------------------------

---SEGUNDO: El ASESOR LEGAL se compromete a asumir la representación legal del MUNICIPIO en los pleitos que le sean asignados y relacionados con dicho MUNICIPIO que se lleven ante el Tribunal Supremo de Puerto Rico, ante el Tribunal de Primera Instancia de Puerto Rico, ante la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) y ante cualquier otro organismo o foro administrativo.--

...

---NOVENO: Lo aquí pactado no limita la facultad del ASESOR LEGAL de ejercer libremente su profesión de abogado, ni de llevar a cabo negocios lícitos como cualquier otro hombre de negocios; disponiéndose, que durante la vigencia de este contrato el ASESOR LEGAL no tomará parte, ni asumirá parte o representación legal a favor de parte alguna el [sic] litigio contra el MUNICIPIO, ni asesorará ni ayudará o asumirá representación alguna en acciones judiciales o extrajudiciales en las cuales dichas [sic] parte reclame o alegue intereses adversos a los del MUNICIPIO.-----------

Teniendo en cuenta la relación contractual entre dicho letrado y el Municipio de Adjuntas, examinemos ahora los hechos que dan lugar a la presente querella.

El 14 de septiembre de 1992, el Estado, en nombre y a requerimiento del Municipio de Adjuntas, presentó una Petición de Expropiación Forzosa ante el entonces Tribunal Superior, Sala de San Juan.[2] Además, consignó la cantidad de doscientos noventa y cuatro mil dólares ($294,000) en la Secretaría del anterior Tribunal Superior, conforme a lo dispuesto en la Ley de Expropiación Forzosa de 12 de marzo de 1903, según enmendada.[3] El terreno expropiado pertenecía a la Sucesión de Fernando Belvis Allongo, y se utilizaría para la construcción de un terminal de carros públicos.

Dentro del predio expropiado existía una estructura de madera destinada a la venta de cerámicas, cuya arrendataria era la señorita Nereida Román Torres. Sin embargo, la señorita Román Torres no fue incluida como parte con interés en la Petición de Expropiación incoada por el Estado Libre Asociado de Puerto Rico.

En vista de lo anterior, el 6 de mayo de 1992, la señorita Román Torres presentó una demanda por derecho propio contra el Municipio de Adjuntas. Reclamó la cantidad de ocho mil dólares ($8,000) en concepto de daños por el desalojo del que fue objeto como consecuencia del procedimiento de expropiación forzosa.[4]

El 22 de mayo de 1992 se presentó una estipulación transigiendo la referida reclamación por la suma de ocho mil ($8,000) dólares, sin intereses ni honorarios de abogado. En dicha estipulación se informó que ésta había sido aprobada por la Asamblea Municipal de Adjuntas, mediante la Resolución Núm. 25, serie 1991-1992.[5] La señorita Román Torres firmó la estipulación y el licenciado Vélez Barlucea firmó como representante legal del

---

[2] Íd., Exhibit I.

[3] 32 L.P.R.A. sec. 2901 et seq.

[4] Exhibit VIII, del Informe del Comisionado Especial.

[5] Resolución aprobada el 12 de mayo de 1992. Íd., Exhibit V y Exibit VI.

Municipio de Adjuntas.[6]  El 27 de mayo de 1992, el entonces Tribunal de Distrito de Puerto Rico, Sala de Adjuntas, aprobó la estipulación y la hizo formar parte de la sentencia.[7]

Posteriormente, la Oficina del Contralor de Puerto Rico inició una auditoría de las operaciones fiscales del Municipio de Adjuntas.[8]  Durante la misma, advirtieron que la demanda presentada por la señorita Román Torres guardaba similitud con los documentos redactados por el asesor legal del Municipio, el licenciado Vélez Barlucea.  La Oficina del Contralor evaluó el contrato de servicios profesionales entre el Municipio y el licenciado Vélez Barlucea, y le tomó declaraciones juradas a la señorita Nereida Román Torres;[9] a su padre, señor Mariano Román Rivera;[10] y a la que fuera secretaria del licenciado Vélez Barlucea, señora Wanda Molina Acevedo.

A tenor con la investigación que llevó a cabo la referida Oficina, el 21 de marzo de 1997 la honorable Ileana M. Colón Carlo, entonces Contralora de Puerto Rico, presentó queja contra el licenciado Vélez Barlucea, imputándole conducta reñida con los cánones 21 y 38 del Código de Ética Profesional.  Expresamente adujo, que el licenciado Vélez Barlucea, siendo asesor legal del Municipio de Adjuntas, asesoró y ayudó en la redacción de la demanda incoada por la señorita Román Torres contra dicho Municipio.  De la conducta antes aludida, la Queja expone que dicho letrado incurrió en conducta conflictiva e impropia.[11]

En cumplimiento con la resolución emitida por este Tribunal el 24 de octubre de 1997, el Procurador General de Puerto Rico presentó querella el 26 de noviembre de 1997 contra el licenciado Dennis Vélez Barlucea.  Dicha querella imputa al referido letrado violaciones a los cánones 18, 21 y 38 del Código de Ética Profesional.[12]  Los cargos imputados leen, respectivamente, de la forma siguiente:

CARGO I

El Lcdo. Dennis Vélez Barlucea incurrió en conducta violatoria del Canon 18 de Ética Profesional (4 L.P.R.A. Ap. IX, C. 18) al no defender los intereses

---

[6] Exhibit IX del Informe del Comisionado Especial.

[7] *Íd.*, Exhibit X.

[8] Véase la Querella, pág. 3.

[9] La señorita Román Torres manifestó que la demanda fue redactada por el licenciado Vélez Barlucea.  Véase pág. 6 de la declaración jurada de la señorita Román Torres, adjunta con la Queja presentada el pasado 21 de marzo de 1997.

[10] De la declaración jurada tomada al señor Mariano Román Rivera surge que había sido asambleísta municipal de Adjuntas.  Que en ningún momento ni él ni su hija, la señorita Román Torres, tuvieron la intención de demandar al Municipio.  Manifestó, además, que el licenciado Vélez Barlucea preparó la demanda de daños y perjuicios contra el referido Municipio.  El señor Román Rivera sostuvo que compró el sello de Rentas Internas de diez dólares ($10) y lo llevó a la oficina del licenciado Vélez Barlucea.  Véase la declaración jurada del señor Román Rivera, anejada a la Queja presentada el 21 de marzo de 1997.

[11] Véase la Queja, pág. 1.

[12] 4 L.P.R.A. Ap. IX, C. 18, C. 21, y C. 38.

de su cliente, el Municipio de Adjuntas, con el mayor celo, cuidado y diligencia; al no levantar las defensas afirmativas que protegían a dicha entidad; al no asesorar adecuadamente a la Asamblea Municipal ni al Alcalde cuando éstas aprobaron la estipulación por $8,000.00 y al firmar el documento de transacción (estipulación) sin que se hubiera presentado prueba alguna que justificara las cuantías pagadas por concepto de los daños y gastos alegados.

## CARGO II

El Lcdo. Dennis Vélez Barlucea violó el Canon 21 de Etica Profesional (4 L.P.R.A. Ap. IX, C. 21) al asesorar legalmente a una parte para que demandara a su cliente y al preparar la demanda para que la Srta. Nereida Román Torres la presentara por derecho propio. También violó el deber de lealtad completa para con su cliente que le impone el Canon 21 al no cumplir con la cláusula novena de su contrato de servicios profesionales.

## CARGO III

El Lcdo. Dennis Vélez Barlucea violó el Canon 38 (4 L.P.R.A. Ap. IX, C. 38) al asesorar a una persona en un asunto donde los intereses reclamados eran contrarios a los de su cliente, el Municipio de Adjuntas; al preparar una demanda para que dicha persona la presentara por derecho propio; al transigir un pleito sin levantar las defensas afirmativas que poseía el Municipio y que podrían impedir que el tribunal tuviese jurisdicción sobre el litigio. Dichas actuaciones tienen la apariencia de que el abogado querellado y la demandante crearon y transaron un pleito para beneficiar a la parte reclamante en perjuicio de los intereses del Municipio.

El 13 de febrero de 1998, el licenciado Vélez Barlucea presentó su "Contestación a Querella". El referido letrado argumentó, que ante la falta de diligenciamiento del emplazamiento y la notificación de la demanda al Municipio de Adjuntas,[13] es facultad discrecional del abogado, en consulta con su cliente, invocar o no la defensa de falta de jurisdicción sobre el Municipio de Adjuntas.[14] Adujo, además, que el Municipio nunca objetó la renuncia a la referida defensa afirmativa.[15]

Por otro lado, arguyó que la parte del Canon 21 del Código de Ética Profesional, supra, que regula el conflicto de intereses de dos o más clientes del abogado entre sí, o con los intereses del abogado, requiere técnicamente que exista una relación abogado-cliente dual conflictiva previo al examen de la existencia de un conflicto de intereses.[16] Adujo el abogado querellado, que el señor Román Rivera y la señorita Román Torres no lo contrataron como abogado, por lo que no podía haber un conflicto de interés entre clientes, ya que entre estos últimos y él nunca existió una relación abogado-cliente. Finalmente, argumentó que el haber advertido a la señorita Román Torres sobre su derecho a demandar al Municipio, no constituye violación ética alguna, sino que actuó conforme a los cánones de ética profesional, al no engañar a una potencial parte adversa. Sostuvo, además, que toda reunión

---

[13] Véase la Certificación de la Secretaria General, Subsección de Distrito, Sala de Adjuntas, en la que afirma que del expediente del caso civil número CD-1992-172 no surge que se haya emplazado al Municipio de Adjuntas. Exhibit XII del Informe del Comisionado Especial.

[14] Véase "Contestación a la Querella", pág. 6. "El abogado debe decidir objetivamente cuál debe ser el curso legal óptimo para cada cliente", citando a In re Carrera Rovira y Suárez Zayas, 115 D.P.R. 778, 789 (1984).

[15] Íd.

[16] Véase "Contestación a la Querella", pág. 4, citando a García O'Neill v. Cruz, 126 D.P.R. 518, 523 (1990).

con el señor Román Rivera y la señorita Román Torres fue en carácter de representante legal del Municipio de Adjuntas.

El 28 de julio de 1998 el Comisionado Especial rindió su Informe,[17] en el cual hizo las determinaciones de hechos correspondientes, entre ellas, las siguientes: 1) que el licenciado Vélez Barlucea y el Municipio de Adjuntas firmaron un contrato de servicios profesionales con vigencia del 1ro. de julio de 1991 al 30 de junio de 1992; 2) que la señorita Román Torres era la arrendataria de un local destinado a la venta de objetos de cerámica; 3) que el Alcalde del Municipio de Adjuntas le notificó a la señorita Román Torres que tenía que desalojar el referido local; 4) que el señor Román Rivera se reunió con el licenciado Vélez Barlucea y con el Alcalde del referido Municipio, y le reclamó la suma de dieciocho mil dólares ($18,000) por el negocio que operaba su hija y del cual fue desalojada; 5) que el licenciado Vélez Barlucea le manifestó que era necesario que demandara al Municipio de Adjuntas; 6) determinó que en la oficina del licenciado Vélez Barlucea se preparó la demanda de daños y perjuicios, que posteriormente presentó la señorita Román Torres por derecho propio en el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Adjuntas; 7) que luego de radicada la demanda, el licenciado Vélez Barlucea orientó a la señorita Román Torres para que llegara a un acuerdo con el Municipio; 8) que el referido letrado no le cobró a la señorita Román Torres por la ayuda y orientación legal que le brindó.[18]

Contando con ambas comparecencias, el caso quedó sometido en los méritos.


II

El Canon 18 de Ética Profesional impone taxativamente a los abogados la obligación de defender diligentemente los intereses del cliente, pero sin recurrir a la violación de las leyes o a cometer engaños para sostener su causa.[19] Sobre este particular, el Canon 18 lee como sigue:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje los gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente desplegando en cada caso su más profundo saber y habilidad y actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable.

Reiteramos nuestro pronunciamiento, a los efectos de que "irrespectivamente de las razones y motivaciones que pueda tener un abogado para llevar o no un caso, una vez asume la representación de un cliente y ante el tribunal, tiene la responsabilidad indelegable

---

[17] El 13 de marzo de 1998, este Tribunal emitió una resolución nombrando al honorable Agustín Mangual Hernández para que, en presencia de las partes y en calidad de Comisionado Especial, escuchara y recibiera la prueba que las partes pudieran presentarle.

[18] Exhibit VIII del Informe del Comisionado Especial.

[19] In re Díaz Ortiz, res. el 29 de febrero de 2000, 2000 TSPR 53, 2000 J.T.S. 66, pág. 928, 151 D.P.R. ___ (2000).

de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible".[20] La precitada premisa va a tono con el deber del abogado de aplicar en cada caso sus conocimientos, experiencias y habilidad de manera adecuada, responsable, capaz y efectiva.[21] Un patrón de indiferencia, desidia, despreocupación, inacción y displicencia en el manejo de un caso constituye una violación al Canon 18.[22]

Entendemos que el licenciado Vélez Barlucea no incurrió en violación al Canon 18. La conducta desplegada por el querellado durante el descargo de sus responsabilidades profesionales al representar al Municipio de Adjuntas en el referido caso, no se enmarca dentro de una actuación culposa o negligente para con su cliente. El hecho de que el licenciado Vélez Barlucea no levantara la defensa de falta de jurisdicción sobre la persona, por falta de diligenciamiento del emplazamiento y notificación de la demanda, no denota una falta de diligencia y mucho menos desidia crasa. El levantar o no la defensa de falta de jurisdicción sobre la persona puede ser una estrategia o táctica de litigación, obviamente luego de consultarlo con su cliente, el Municipio de Adjuntas, y éste estar de acuerdo. Sobre este particular, el comportamiento del licenciado Vélez Barlucea no representa la situación ordinaria de conducta impropia contemplada en dicho canon. El querellado no violó el Canon 38, por el hecho de transigir el pleito en representación de su cliente, sin levantar la defensa afirmativa antes aludida.

Por otro lado, se le imputa al licenciado Vélez Barlucea que violó el Canon 18 del Código de Ética Profesional, _supra_, al no asesorar adecuadamente a la Asamblea Municipal ni al Alcalde cuando se aprobó la estipulación por la cantidad de ocho mil dólares ($8,000), sin que se hubiese presentado prueba alguna que justificara los daños alegados en la demanda. Entendemos, que este señalamiento es improcedente, a tenor con las determinaciones de hechos del Comisionado Especial. No surge de dichas determinaciones que no se produjeron daños a la señorita Román Torres como consecuencia del desalojo. Para poder concluir que el abogado querellado en efecto violó el Canon 18, era necesario determinar la inexistencia de los daños alegados por la señorita Román Torres o que los daños producidos no ameritaban la indemnización estipulada por la suma de ocho mil dólares ($8,000). Ante la ausencia de determinación fáctica a esos efectos, no podemos resolver que el abogado querellado haya transgredido el Canon 18. Concluimos, que la referida imputación no se sostiene, a tenor con la prueba desfilada ante el Comisionado Especial, ni del expediente de este Tribunal.

III

---

[20] _In re Acevedo Álvarez_, 143 D.P.R. ___ (1997), 97 J.T.S. 95, res. el 30 de mayo de 1997, pág. 1215,; _In re Pagán Hernández_, 141 D.P.R. ___ (1996), 96 J.T.S. 97, res. el 21 de junio de 1996,; _In re Siverio Orta_, 117 D.P.R. 14, 19 (1986); _In re Padilla Pérez_, 135 D.P.R. 770 (1994).

[21] _In re Cardona Ubiñas_, res. el 29 de julio de 1998, 98 TSPR 114, 98 J.T.S. 106, 146 D.P.R.___ (1998); _In re Vélez Valentín_, 124 D.P.R. 403 (1989).

[22] _In re Cardona Ubiñas_, _supra_, citando a _In re Arana Arana_, 112 D.P.R. 838 (1982).

Respecto a los cargos segundo y tercero, los examinaremos en conjunto.

El Canon 21, dispone, en lo pertinente, lo siguiente:

**El abogado tiene para con su cliente un deber de lealtad completa.** Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero.

No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente. (Énfasis nuestro.)

. . .

La relación abogado-cliente se funda en el deber de lealtad y de confidencialidad de todo abogado para con su cliente,[23] su relación es de naturaleza fiduciaria y está fundada en la honradez absoluta.[24] La obligación de representar al cliente a tenor con dicha lealtad incluye, entre otras cosas, ejercer un criterio profesional independiente y desligado de sus propios intereses y no divulgar los secretos y confidencias que el cliente haya compartido durante el transcurso de sus representaciones pasadas y presentes.[25]

En todas las decisiones anteriores, por conflicto de intereses, en que hemos impuesto una sanción disciplinaria al amparo del Canon 21, ha existido una relación abogado-cliente.[26] No obstante, hemos manifestado, además, la necesidad de evitar conflictos de intereses potenciales.[27] Sobre este particular, no nos persuade el argumento del licenciado Vélez Barlucea, quien plantea que al asesorar a la señorita Román Torres actuó de conformidad con los preceptos éticos que rigen a la clase togada, pues, no engañó a una potencial parte adversa. Entendemos, que la conducta del licenciado Vélez Barlucea al redactar en su oficina una demanda, de una tercera persona, contra su cliente, el Municipio de Adjuntas, es una clara violación al deber de fiducia que preceptúa el Canon 21.

El Canon 38 provee, en lo pertinente, lo siguiente: "El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia".

Ciertamente, la apariencia de conducta impropia puede resultar muy perniciosa "al respeto de la ciudadanía por sus instituciones de justicia y por la confianza que los

---

[23] In re Belén Trujillo, 126 D.P.R. 743, 754-755 (1990).

[24] In re Pereira Esteves, 131 D.P.R. 515 (1992); In re Rivera Carmona, 114 D.P.R. 390 (1983).

[25] Liquilux Gas Corp. v. Berríos, Zaragoza, 138 D.P.R. 850 (1995); Robles Sanabria, Ex Parte, 133 D.P.R. 739 (1993).

[26] In re Pizarro Santiago, 117 D.P.R. 197 (1986); In re Carreras Rovira y Suárez Zayas, supra; In re Rojas Lugo, 114 D.P.R. 687 (1983); In re Roldán González, 113 D.P.R. 238 (1982); In re Martínez Rivera, 106 D.P.R. 239 (1977).

[27] Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 190 (1985).

clientes depositan en sus abogados".[28]  Precisa señalar, que "aún la apariencia de conducta impropia o conflicto de intereses puede tener un efecto tan dañino sobre la imagen, confianza y respeto del público por su gobierno, como la verdadera impropiedad ética".[29]

Concluimos que la actuación del querellado constituye una apariencia de conducta impropia, conforme al Canon 38.  Dicho comportamiento, no solo atenta contra la relación de fiducia y de confidencialidad idónea de toda relación abogado-cliente, sino que también perjudica el respeto y confianza del pueblo en nuestro sistema de gobierno.

Finalmente, hemos establecido que al determinar la sanción disciplinaria aplicable al abogado querellado, podemos tomar en cuenta factores como la reputación del abogado en su comunidad, el previo historial de éste, si es su primera falta, la aceptación de la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, resarcimiento al cliente y cualesquiera otras consideraciones ya bien atenuantes o agravantes que medien de acuerdo a los hechos.[30]

En el presente caso, tomamos en consideración como atenuantes a favor del licenciado Vélez Barlucea, los siguientes: (a) ni el cliente del abogado querellado, Municipio de Adjuntas, ni la señorita Román Torres presentaron queja alguna respecto al comportamiento del licenciado Vélez Barlucea; b) los hechos demuestran que no hubo mala fe, intención de lucro, o de engañar a su cliente o a la señorita Román Torres, de parte del abogado querellado; (c) que el abogado querellado ha gozado de buena reputación por espacio de veintiún (21) años, desde que fue admitido al ejercicio de la abogacía; y, d) que es su primera falta dentro de su descargo profesional en la abogacía.

En virtud de lo anterior, procede que impongamos la sanción disciplinaria consistente en una amonestación al licenciado Vélez Barlucea, apercibiéndolo de cumplir a cabalidad en el futuro con los Cánones de Ética que rigen la profesión de abogado.

Se dictará sentencia de conformidad.

---

[28] In re Nogueras Cartagena, res. el 28 de marzo de 2000, 2000 TSPR 55, 2000 J.T.S. 68, 150 D.P.R. ___ (2000); In re Rojas Lugo, supra, a la pág. 690.

[29] López v. Depto. de Salud, res. el 12 de junio de 1998, 98 TSPR 70, 98 J.T.S. 72, 145 D.P.R. ___ (1998).

[30] Véase In re Padilla Rodríguez, res. el 18 de mayo de 1998, 98 TSPR 56, 98 J.T.S. 57, 145 D.P.R. ___ (1998); In re Ortiz Velázquez, res. el 15 de abril de 1998, 98 TSPR 42, 98 J.T.S. 44, 145 D.P.R. ___ (1998); In re Varcárcel Mulero, 142 D.P.R. ___ (1996), 96 J.T.S. 154, res. el 15 de noviembre de 1996; In re Fernández Paoli, 141 D.P.R. ___ (1996), 96 J.T.S. 87, res. el 6 de junio de 1996; In re Díaz Ortiz, supra.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Dennis Vélez Barlucea                CP-97-14         Queja

SENTENCIA

San Juan, Puerto Rico, a 26 de octubre de 2000.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia imponiéndole una sanción disciplinaria al licenciado Dennis Vélez Barlucea, consistente en una amonestación por violación a los Cánones 21 y 38 de Ética Profesional. Se apercibe de cumplir a cabalidad en el futuro con los Cánones de Ética que rigen la profesión de abogado.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García disiente, "por entender que el querellado violó lo dispuesto en el Canon XVIII de Etica Profesional y por considerar,

además, que la gravedad de la conducta del querellado amerita una suspensión del ejercicio de la abogacía por un término no menor de tres (3) meses". El Juez Asociado señor Hernández Denton disiente, "por entender que el licenciado Dennis Vélez Barlucea violó los Cánones 18 y 21 de Ética Profesional, pues incurrió en un claro conflicto de intereses al redactar una demanda de una tercera persona contra su cliente, el Municipio de Adjuntas, con el cual el abogado tenía un contrato de asesoría legal. Lo suspenderíamos de la profesión de la abogacía por un término de un año". El Juez Asociado señor Fuster Berlingeri no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo