per curiam:
El Ledo. Roberto Torres Viera fue admitido al ejercicio de la abogacía en 1989. El 9 de septiembre de 2003, el Contralor de Puerto Rico presentó una queja ante este Tribunal alegando que el licenciado Torres Viera había incurrido en una conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
La alegada conducta violatoria de dichos cánones consiste en que durante el tiempo que el licenciado Torres Viera ejerció como asesor legal del Municipio de Juncos, éste presentó una demanda contra terceros en representación de la parte demandada en un pleito civil, para traer como tercero demandado al municipio. En ese pleito la parte demandante alegó que la parte demandada le había privado ilegalmente del uso y el disfrute de determinada franja de terreno colindante a su propiedad. Alegadamente el municipio de Juncos era el dueño de los terrenos en controversia y, por esto, el licenciado Torres Viera presentó la demanda contra terceros para exigirle al municipio que pusiera en vigor una ordenanza municipal que requería la separación de colindancias entre los terrenos.
El 23 de febrero de 2004 el licenciado Torres Viera contestó la queja alegando que sólo había incurrido en conducta violatoria del Canon 38, supra, ya que la demanda presentada contra el municipio no constituyó la divulgación de secretos y confidencias de su cliente, no reclamaba compensación económica y únicamente exigía lo establecido en una ordenanza municipal. La queja fue referida al Procurador General, quien posteriormente fue autorizado a presentar una querella contra el licenciado Torres Viera por conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional, supra.
*309 En su contestación a la querella, el licenciado Torres Viera alegó lo mismo que en su primera comparecencia en contestación a la queja, por lo que procedimos a nombrar un Comisionado Especial para que rindiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. El Comisionado rindió su informe y como parte de sus determinaciones de hechos informó que desde el 15 de abril de 1997 hasta el 22 de mayo de 2000, el licenciado Torres Viera mantuvo contratos de servicios profesionales con el Municipio de Juncos.(1)
El- Comisionado determinó que el 1 de abril de 1997 se presentó una demanda civil que el licenciado Torres Viera contestó en representación de la parte demandada. El Comisionado añadió que el 7 de junio de 1999 y durante la vigencia de su contrato de asesoría legal con el municipio de Juncos, el licenciado suscribió y presentó una demanda contra terceros en la que el municipio figuró como tercero demandado. Finalmente, explicó que el caso aludido terminó con sentencia dictada el 22 de mayo de 2000 mediante la cual se desestimó la demanda y se ordenó el archivo de la demanda contra terceros, ya que el licenciado Torres Viera había anunciado que se desistía de ésta.
A base de los hechos determinados en su informe, el Comisionado Especial concluyó que el licenciado Torres Viera había violado los Cánones 21 y 38 del Código de Etica Profesional, supra. No obstante, recomendó que al imponer la sanción disciplinaria tomásemos en consideración que esta es la primera falta cometida por el querellado.
*310 W
La relación abogado-cliente es de naturaleza fiduciaria y está fundada en la honradez absoluta. In re Vélez Barlucea, 152 D.P.R. 298, 309 (2000). Con el propósito de proteger esta relación, el Canon 21 del Código de Etica Profesional, supra, dispone lo siguiente en sus primeros tres párrafos:
El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales.
No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.
La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueban. Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste. (Enfasis suplido.)
El Canon 21, supra, impone un deber de lealtad absoluta a todo abogado con sus clientes. Este deber de lealtad incluye el deber de ejercer un criterio profesional independiente y desligado de sus propios intereses, y el deber de no divulgar secretos y confidencias que un cliente le haya revelado como consecuencia de la relación abogado-cliente. In re Vélez Barlucea, supra. Véanse, además: In re Bonilla *311 Rodríguez, 154 D.P.R. 684, 695 (2001); Liquilux Gas Corp. v. Berríos, Zaragoza, 138 D.P.R. 850, 857-858 (1995).
Hemos señalado que el Canon 21, supra, presenta tres situaciones que los abogados deben evitar debido a que éstas representan un conflicto de intereses que quebranta el deber de lealtad y evita que el abogado ejerza una representación libre y adecuada de su cliente. In re Belén Trujillo, 126 D.P.R. 743, 753 (1990). La primera es la representación simultánea adversa, donde en beneficio de un cliente el abogado tiene que defender aquello a lo cual debe oponerse en cumplimiento de sus obligaciones con otro cliente. La segunda es la representación sucesiva adversa, en la cual el abogado acepta la representación de un cliente sobre asuntos que pueden afectar adversamente los intereses de un cliente anterior. Finalmente, la tercera, donde un abogado acepta la representación legal de un cliente, o continúa en ella, cuando su juicio profesional puede ser afectado por sus intereses personales. In re Toro Cubergé, 140 D.P.R. 523, 529-531 (1996). Véase, además, In re Bonilla Rodríguez, supra, pág. 692. Ante cualquiera de estas tres situaciones bastará con que el conflicto de intereses sea potencial, para que el abogado vulnere la lealtad absoluta que le debe a su cliente. Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 190 (1985). Véase, además, In re Bonilla Rodríguez, supra, pág. 694.
Respecto a la representación simultánea adversa, hemos establecido que para que se active la prohibición del Canon 21, supra, será necesario que exista una relación abogado-cliente dual. In re Soto Cardona, 143 D.P.R. 50, 55-56 (1997). Cuando un abogado se enfrenta a una representación simultánea adversa, éste no podrá traer como defensa la afirmación de que no utilizará las confidencias de sus clientes en peijuicio de éstos y tampoco será posible que los clientes consientan a la representación conflictiva. In re Carreras Rovira y Suárez Zayas, 115 D.P.R. 778, 784 y 793 (1984). Por esto, ante un potencial o *312 actual conflicto de intereses, el abogado estará obligado a renunciar a ambas representaciones. Liquilux Gas Corp. v. Berríos, Zaragoza, supra, pág. 859. Véase, además, Ortiz v. Soliván Miranda, 120 D.P.R. 559, 562 (1988).
El Canon 38 del Código de Ética Profesional, supra, le impone a todo abogado el deber de evitar la apariencia de una conducta profesional impropia. El citado Canon 38 dispone, en lo pertinente, que “[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia”.
En varias ocasiones hemos relacionado el deber impuesto por el Canon 38 al deber ético que impone el Canon 21, supra. Los abogados tienen la obligación de evitar, tanto en la realidad como en la apariencia, la impresión de una conducta conflictiva y tienen el deber de lucir puro y libre de influencias extrañas a su gestión profesional. In re Morell, Alcover, 158 D.P.R. 791, 811 (2003). Véase, además, In re Bonilla Rodríguez, supra, pág. 696; In re Vélez Barlucea, supra, pág. 310. Por esto, cuando un abogado asume una representación simultánea adversa que implica un real o potencial conflicto de intereses entre dos de sus representaciones legales, dicho abogado incurre en conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional, supra.
II
En este caso evidentemente existe una relación abogado-cliente dual que representa un conflicto de intereses. El licenciado Torres Viera asumió la representación legal de la parte demandada en un pleito civil, mientras ejercía como asesor legal del municipio de Juncos. A raíz de esta representación, el licenciado presentó una demanda contra terceros para traer como tercero demandado a su otro *313 cliente, el municipio. Al presentar dicha demanda, el licenciado tuvo que defender aquello a lo cual debía oponerse en cumplimiento de sus obligaciones con el municipio. Esta representación dual conflictiva evitó que el licenciado ejerciera una representación libre y adecuada de sus clientes.
El licenciado Torres Viera alega que no violó el Canon 21, supra, ya que la demanda contra terceros no constituyó la divulgación de secretos y confidencias del municipio, no reclamaba una compensación económica y únicamente exigía lo establecido en una ordenanza municipal. No tiene razón. Anteriormente establecimos que cuando un abogado representa a un municipio, y a su vez es el abogado de causas en que el municipio puede ser llamado a responder, dicha conducta es contraria al deber de lealtad impuesto por el referido Canon 21. Al respecto expresamos:
... Nos parece que, en el caso ante nuestra consideración, resulta impermisible, desde el punto de vista de la ética profesional, que los abogados Israel Roldán González y José J. Medina Méndez continúen siendo abogados de la Asamblea Municipal de Aguadilla y al mismo tiempo sean abogados en causas en que el Municipio de Aguadilla pueda ser llamado a responder. En las circunstancias particulares de este caso, nos parece inevitable que se desliguen de ambas representaciones profesionales. In re Roldán González, 113 D.P.R. 238, 243 (1982).
La afirmación del licenciado Torres Vieras de que la demanda no constituyó la divulgación de secretos y confidencias del municipio no es justificación para asumir una representación simultánea adversa. In re Carreras Rovira y Suárez Zayas, supra, pág. 784. Tampoco es justificación el hecho de que la demanda no reclamaba una compensación económica o que exigía lo establecido en una ordenanza municipal. El sólo acto de demandar a su propio cliente en representación de otro es conducta suficiente para establecer un claro conflicto de intereses entre ambas representaciones. Bien hemos dicho que bastará con que *314 haya un conflicto de intereses potencial para que el abogado quebrante su deber de lealtad. In re Vélez Barlucea, supra, págs. 309-310. Véase, además, Sánchez Rodírguez v. López Jiménez, supra.
Concluimos que el licenciado Torres Viera asumió una representación simultánea adversa quebrantadora del deber de lealtad impuesto por el Canon 21 del Código de Ética Profesional, supra. Por eso, estaba obligado a renunciar a ambas representaciones. Según surge del expediente, el licenciado no cesó de ejercer ambas representaciones hasta después de terminar el pleito civil en el cual trajo como tercero demandado al Municipio.
El licenciado Torres Viera aceptó haber incurrido en una conducta violatoria del Canon 38 del Código de Ética Profesional, supra. El presentar una demanda contra terceros en perjuicio de su cliente constituyó una conducta profesional conflictiva e impropia que ciertamente no exalta el honor ni la dignidad de nuestra profesión. In re Morell, Alcover, supra, pág. 811. Véase, además, In re Bonilla Rodríguez, supra, pág. 696; In re Vélez Barlucea, supra, pág. 310. Tomando en consideración que ésta es su primera falta profesional, se ordena la suspensión del licenciado Torres Viera del ejercicio de la abogacía por el término de dos meses.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López limitaría la sanción disciplinaria a una censura. El Juez Asociado Señor Rivera Pérez no intervino.

 Hay una discrepancia con respecto a la fecha de duración de los contratos de asesoría legal con el municipio de Juncos entre la queja presentada por el Contralor y el Informe del Comisionado Especial. En la queja se alegó que los contratos de asesoría legal estuvieron vigentes desde el 1 de julio de 1996 hasta el 31 de diciembre de 2000. Sin embargo, según el informe del Comisionado Especial, en la vista celebrada el 13 de febrero de 2006, las partes admitieron el hecho de que los contratos de asesoría legal tuvieron vigencia desde el 15 de abril de 1997 hasta el 22 de mayo de 2000. Por lo tanto, tomaremos en consideración lo admitido por las partes.