ORDEN
Debido a la no intervención de los Jueces Asociados Se-ñor Rivera Pérez y Señora Rodríguez Rodríguez, se consti-tuye una Sala Especial integrada por el Juez Presidente Señor Hernández Denton, y los Jueces Asociados Señor Re-bollo López y Señora Fiol Matta, para entender en el caso CP-2004-3, In re Libertario Pérez Rodríguez.
Lo decretó y firma,
(Fdo.) Federico Hernández Denton

Juez Presidente

CERTIFICO:
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Mariana D. Negrón Vargas y Kenneth Pamias Velázquez, subprocuradores generales, y Noemí Rivera de León, pro-curadora general auxiliar; Guillermo Figueroa Prieto, abo-gado de la parte querellada; José Alberto Morales, comisio-nado especial.
per curiam:
El Ledo. Libertario Pérez Rodríguez suscri-bió un contrato de servicios profesionales, como asesor legal del municipio de Caguas, vigente desde el 1 de julio de 1998 al 30 de junio de 1999. El 1 de diciembre de 1998 Pérez Rodríguez acordó un contrato de servicios profesio-nales para servir como asesor legal de X-Plosión Entertainment Center Management & Development Corporation (X-Plosión). El contrato entraba en vigor el 1 de enero de 1999.
El 15 de diciembre de 1998 Pérez Rodríguez autorizó una escritura sobre “Lease and Administration Agreement” otorgada por el municipio de Caguas y X-Plosión. Mediante dicho contrato, el municipio le arrendó una par-cela de terreno conocida como “Parque Acuático” a X-Plosión.(1)
El 31 de diciembre de 1998, Pérez Rodríguez canceló el contrato de servicios profesionales que tenía con el muni-cipio, es decir, canceló el contrato antes de su fecha de ven-cimiento, 1 de junio de 1999. Al día siguiente, el 1 de enero de 1999, Pérez Rodríguez comenzó a fungir como asesor legal de X-Plosión.
Por los hechos anteriormente expuestos, le ordenamos al Procurador General que presentara una querella contra Pérez Rodríguez. El Procurador General formuló los si-guientes cargos contra Pérez Rodríguez: (1) violación al Canon 21 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que exige completa lealtad del abogado para con su cliente; (2) posible violación al deber de imparcialidad re-querido de los notarios al autorizar negocios jurídicos se- *669 gún la Exposición de Motivos de la Ley Notarial de Puerto Rico, 1987 Leyes de Puerto Rico 262, Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 L.P.R.A. see. 2001 et seq., y la Regla 4 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, y (3) violación al Canon 38 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, por alegada apa-riencia de conducta impropia.
Presentada la querella en su contra, Pérez Rodríguez solicitó la desestimación de los cargos incoados. En sínte-sis, alegó que el Canon 21, ante, no aplicaba a los hechos porque a un notario, quien no representa a las partes en el otorgamiento de un negocio jurídico, no se le puede encon-trar incurso en violación a dicho canon, puesto que éste se refiere exclusivamente a la naturaleza de la relación abogado-cliente. En cuanto al segundo cargo en su contra, adujo que un notario no viola el deber de imparcialidad por el mero hecho de que uno, o ambos, de los otorgantes en un negocio jurídico sea su cliente. Finalmente, alegó que el tercer cargo no especificaba los hechos que el Procurador estimaba violatorios del referido Canon 38 y que, además, como no había incurrido en ninguna otra violación, no se le podía imputar infracción a este canon socamente.
El 21 de junio de 2005 designamos al Ledo. José Alberto Morales para que, en calidad de Comisionado Especial, re-cibiera la prueba que tuvieran a bien presentar las partes y rindiera un informe con sus determinaciones de hechos y recomendaciones.
Posteriormente, el Procurador General y Pérez Rodrí-guez acordaron someter el caso por el expediente. El 9 de noviembre de 2005, el Comisionado Especial emitió su in-forme en el cual sostuvo que Pérez Rodríguez había violado los Cánones 21 y 38 del Código de Ética Profesional, ante, y recomendó una amonestación. Resolvemos.
*670 I
El Canon 21 del Código de Ética Profesional, ante, le exige al abogado lealtad completa para con su cliente. A estos efectos, el abogado tiene la obligación de divulgar a sus clientes las circunstancias relativas a las partes y a terceras personas, así como cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Dicho canon establece que “[n]ingún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales”. 4 L.P.R.A. Ap. IX, C. 21.(2)
El propósito de dicha norma es que el abogado man-tenga intacta la confianza y el deber fiduciario que tiene para con su cliente. Por esta razón, “[e]l abogado tiene la obligación de representar a su cliente con total lealtad, ejercer un criterio profesional independiente y desligado de sus propios intereses, no divulgar los secretos y confiden- *671 cias que el cliente haya compartido durante el transcurso de sus representaciones pasadas y presentes”. In re Bauzá Torres, 171 D.P.R. 894, 905-906 (2007). Véase, también, In re Vélez Barlucea, 152 D.P.R. 298 (2000); Liquilux Gas Corp. v. Berríos, Zaragoza, 138 D.P.R. 850 (1995).
Particularmente, el abogado debe evitar tres situaciones que pueden presentar un conflicto de intereses de acuerdo con el referido Canon 21: (1) que, en beneficio de un cliente, abogue por aquello a lo que el letrado debe oponerse en cumplimiento de sus obligaciones para con otro cliente; (2) aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de un cliente anterior, y (3) aceptar una representación legal, o continuar en ella, cuando su juicio profesional pueda ser afectado por sus intereses personales. In re Sepúlveda Girón, 155 D.P.R. 345 (2001); In re Avilés, Tosado, 157 D.P.R. 867 (2002).
Ahora bien, en cuanto al Canon 21, ante, y el ejercicio de la notaría hemos expresado que en el ejercicio de dicha función no puede haber planteamiento alguno de violación al referido canon, puesto que está ausente ab initio la representación dual de abogado-cliente. En In re Avilés, Tosado, ante, pág. 892, citando a Sarah Torres Peralta, resolvimos que “ ‘siendo imposible la coincidencia en el mismo abogado de clientes en la gestión notarial, no hay cabida entonces para supuestos conflictos de intereses de los prohibidos en el canon 21’ ”.
Por otro lado, la Regla 4 del Reglamento Notarial de Puerto Rico, ante, prescribe el deber de autonomía e independencia del notario, deber que también recoge la Ex-posición de Motivos de la Ley Notarial de Puerto Rico. A estos efectos, dicha regla dispone que “[e]n el ejercicio de su ministerio, el notario representa la fe pública y la ley para todas las partes. Su obligación de ilustrar, de orientar y de advertir ha de desplegarla con imparcialidad”. 4 L.P.R.A. Ap. XXIV, R. 4.
*672 En el cumplimiento de este deber, hemos reiterado que los notarios están obligados a ser funcionarios imparciales que reciben, exponen y legitiman la voluntad de los com-parecientes al negocio jurídico. In re Cando Sifre, 106 D.P.R. 386 (1977). No sólo hemos precisado que el notario tiene que ser imparcial, sino que también debe aparen-tarlo. Véanse: In re Sepúlveda Girón, ante; In re Colón Muñoz, 131 D.P.R. 121 (1992); In re Cando Sifre, ante.
Por último, el Canon 38 del Código de Ética Profesional, ante, exige la preservación del honor y la dignidad de la profesión. Dicho canon, en lo pertinente, dispone:
El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. 4 L.P.R.A. Ap. IX, C. 38.
En cuanto a ello, hemos reiterado que el abogado debe asesorar a su cliente en estricto cumplimiento de la ley. Además, hemos sostenido que infringir el Canon 38, ante, resulta nocivo al respeto que la ciudadanía deposita en las instituciones de justicia y la confianza que los clientes de-positan en sus abogados. In re Sepúlveda Girón, ante.
En cuanto al referido Canon 38, en In re Sepúlveda Girón, ante, y en In re Avilés, Tosado, ante, expresamos que “la apariencia [de conducta] impropia tiene que sostenerse so-bre la impresión que se le da al público de la violación efec-tiva de alguno de los cánones del Código de Ética Profesio-nal o de la Ley Notarial de Puerto Rico”. In re Avilés, Tosado, ante, pág. 892. Ello no obstante, en In re Gordon Menéndez I, 171 D.P.R. 210 (2007), resolvimos que el Canon 38, ante, opera ex propio vigore, modificando y revocando cualquier expresión nuestra anterior en contrario. En ese mismo caso aclaramos que “cuando un abogado actúa en violación del Canon 38, supra, amerita nuestra intervención disciplinaria”. In re Gordon Menéndez I, ante, pág. 9.
*673 II
En el caso ante nuestra consideración el Procurador General presentó ante este Tribunal tres cargos contra el li-cenciado Pérez Rodríguez por alegada violación a los Cáno-nes 21 y 38 del Código de Etica Profesional, ante, y a la Regla 4 del Reglamento Notarial de Puerto Rico, ante, respectivamente. Como reseñáramos anteriormente, dichos cargos le fueron imputados por haber autorizado un contrato de arrendamiento entre el municipio de Caguas y X-Plosión. Según el informe del Comisionado Especial, “se vio mal” que para la fecha en la cual se suscribió el con-trato de arrendamiento entre el municipio y X-Plosión, Pé-rez Rodríguez fungiera como asesor legal del municipio y que quince días después renunciara para trabajar como asesor legal de X-Plosión mediante un contrato de servicio profesionales suscrito, pero no con efectividad, previo a au-torizarse el referido contrato de arrendamiento entre las partes.
La prueba, a nuestro juicio, no es suficiente para sostener los cargos sobre violación al referido Canon 21 y a la Regla 4 presentados contra Pérez Rodríguez. Según sostuvimos en In re Caratini Alvarado, 153 D.P.R. 575 (2001), el criterio necesario para sancionar a los miembros de la profesión togada es el de la prueba clara, robusta y convincente. Ello es así, pues los procedimientos disciplinarios pueden conllevar la pérdida del título profesional.
El Procurador General entiende que Pérez Rodríguez tenía un interés personal en X-Plosión meramente por virtud del contrato de servicios profesionales que suscribió con la corporación. No estamos de acuerdo. El hecho de que Pérez Rodríguez suscribiera un contrato de servicios profesionales con X-Plosión no equivale a un interés personal en el negocio jurídico particular entre el municipio y X-Plosión, que es lo que realmente le está prohibido al notario. Dicho de otra manera, lo que se prohíbe es que el *674 notario tenga un interés personal en el negocio jurídico que autoriza, lo cual es totalmente distinto a suscribir un con-trato de servicios profesionales con una de las partes del negocio jurídico que autorizó.
Tampoco quedó establecido que Pérez Rodríguez hu-biese asesorado al municipio en cuanto a ese contrato en específico para después actuar como notario en el negocio jurídico en violación al deber de imparcialidad del notario de acuerdo con la Regla 4 del Reglamento Notarial de Puerto Rico, ante, y la Exposición de Motivos de la Ley Notarial de Puerto Rico.(3)
• En fin, no podemos sostener los cargos relativos al Canon 21, ante, y a la Regla 4 del Reglamento Notarial de Puerto Rico, ante, a base de especulaciones o presunciones. En otras palabras, el mero hecho de que el municipio de Caguas fuese cliente de Pérez Rodríguez al momento de éste autorizar el contrato de arrendamiento entre el municipio y X-Plosión, y que este último luego se convirtiera en su cliente, no significa que haya incurrido automáticamente en una conducta impropia. Llegar a dicha conclusión sin los fundamentos necesarios implicaría una conjetura de este Tribunal en cuanto a las acciones de Pérez Rodríguez, lo cual no sólo es insostenible en derecho, sino que impondría una limitación sustancial en la práctica actual de la notaría.
Ello no obstante, en vista de las circunstancias y los hechos particulares del presente caso, no podemos avalar por completo la actuación de Pérez Rodríguez. Sin bien es cierto que de acuerdo con la jurisprudencia aplicable, Pé-rez Rodríguez no infringió explícitamente el Canon 21, *675 ante, ni la Regla 4 del Reglamento Notarial de Puerto Rico, ante, al otorgar la escritura de arrendamiento entre el mu-nicipio y X-Plosión, indudablemente no fue lo más prudente. Como reseñáramos, al autorizar la referida escri-tura de arrendamiento, Pérez Rodríguez conocía que en apenas dos semanas comenzaría a laborar como asesor legal de X-Plosión.
Reiteradamente hemos sostenido que la apariencia de conducta impropia tiene un efecto dañino sobre la imagen, la confianza y el respeto de la ciudadanía ante la profesión, igual que lo tiene la verdadera “impropiedad ética”. In re Gordon Menéndez I, ante; In re Sepúlveda Girón, ante. Ante el cuadro fáctico particular, lo más atinado era que, en vista de la relación abogado-cliente que en el futuro cercano comenzaría con X-Plosión, éste se apartase del negocio habido entre este último y el municipio, y así evitar cualquier sospecha de impropiedad sobre su rol como notario en dicho negocio jurídico. Es decir, éste debió ser más cuidadoso al tratar con el municipio y X-Plosión, y no debió autorizar una escritura entre ambas partes si ya había pactado fungir como asesor legal de la corporación. Ello hubiera sido lo más juicioso.
Por las razones anteriormente expuestas, opinamos que Pérez Rodríguez infringió el Canon 38 del Código de Ética Profesional, ante. Habida cuenta de que es la primera vez que se presenta una queja contra Pérez Rodríguez en más de cuarenta años de ejercer la abogacía y la notaría, que el negocio jurídico autorizado por él no ha sido impugnado y las partes no han sufrido daño alguno, nos limitaremos a amonestarlo por no esforzarse en evitar hasta la aparien-cia de conducta impropia en el ejercicio de sus funciones.

Se dictará Sentencia de conformidad.

 Surge del referido contrato que X-Plosión Entertainment Center Management & Development Corporation (X-Plosión) operaría el “Parque Acuático” por un término de veinte años a cambio de un canon de arrendamiento de tres mil dólares mensuales a favor del municipio y el 15% del ingreso bruto mensual producto de la operación del parque.

 “Canon 21 — Intereses encontrados
“El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales.
“No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cum-plimiento de sus obligaciones para con otro cliente.
“La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueban. Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste.
“Un abogado que representa a una corporación o sociedad le debe completa lealtad a la persona jurídica y no a sus socios, directores, empleados o accionistas y solamente puede representar los intereses de dichas personas cuando los mismos no vengan en conflicto con los de la corporación o sociedad.
“Cuando un abogado representa a un cliente por encomienda de otra persona o grupo, quien le paga al abogado por dicho servicio, debe renunciar [a] la representa-ción de ambos tan pronto surja una situación de conflicto de intereses entre la persona o grupo que le paga sus honorarios y la persona a quien representa.”

 Resulta pertinente aclarar que en su informe el Comisionado Especial no halló a Pérez Rodríguez incurso en violación al segundo cargo sobre el Reglamento Notarial de Puerto Rico y la Ley Notarial de Puerto Rico específicamente. Ello no obstante, las expresiones emitidas en el informe denotan que éste entendió que Pé-rez Rodríguez había sido imparcial al autorizar el contrato de arrendamiento entre el municipio de Caguas y X-Plosión.