EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Carlos Ortiz Morales<br>Ernesto Maldonado Pérez | 2005 TSPR 199<br><br>166 DPR \_\_\_\_ |

Número del Caso: CP-2000-9

Fecha: 8 de noviembre de 2005

Oficina del Procurador General:

                        Lcda. Cynthia Iglesias Quiñones
                        Procuradora General Auxiliar

Abogado de los Querellados:

Lcdo. Ernesto Maldonado Pérez

                        Por Derecho Propio

Lcdo. Carlos Ortiz Morales

                        Lcdo.Fernando E. Agrait

Materia: Conducta Profesional
        Lcdo. Carlos Ortiz Morales
        (La suspensión del abogado advino final y firme el día 2
        de diciembre de 2005)

        Lcdo. Ernesto Maldonado Pérez
        (La suspensión del abogado advino final y firme el día 14
        de diciembre de 2005)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Ortiz Morales
Ernesto Maldonado Pérez

                                    CP-2000-9

PER CURIAM

San Juan, Puerto Rico, a 8 de noviembre de 2005.

El licenciado Carlos Ortiz Morales fue admitido al ejercicio de la profesión de abogado en mayo de 1975. El licenciado Ernesto Maldonado Pérez fue autorizado a ejercer la abogacía en septiembre de 1963. Este último al presente no ejerce la profesión de abogado en Puerto Rico.

En o alrededor del año 1975 la Comunidad del Barrio Ingenio del Municipio de Yabucoa organizó un Comité Pro-Conservación del Ambiente, de ahora en adelante el Comité. Desde sus comienzos y hasta el año 1987, el referido comité estuvo presidido por el señor José Ortiz Nieves y tenía entre sus asuntos, uno relacionado con un problema de contaminación ambiental alegadamente

causado por las operaciones, en ese sector, de la empresa Unión Carbide.

En los meses de octubre y noviembre de 1978 se presentó demanda sobre daños y perjuicios ante el Tribunal de Primera Instancia, Sala Superior de Humacao, por 756 personas, residentes del Barrio Ingenio del Municipio de Yabucoa, contra la empresa Unión Carbide. Los demandantes alegaron que la contaminación ambiental provocada por la parte demandada en el área del municipio de Humacao les había afectado seriamente su salud. Los demandantes contrataron, por gestiones del señor José Ortiz Nieves, los servicios profesionales de los dos querellados, el licenciado Carlos Ortiz Morales y el licenciado Ernesto Maldonado Pérez, miembros del bufete de abogados Maldonado-Ortiz, cuyas oficinas estaban localizadas en San Juan, Puerto Rico, para incoar y tramitar la acción. Fueron seleccionados ambos abogados porque habían litigado, con éxito, un pleito de contaminación ambiental con mercurio, causado por las operaciones de Beckton Dickinson en el municipio de Juncos. Desde el comienzo del pleito, las gestiones profesionales de ambos abogados en favor de la comunidad se coordinaban con el señor Ortiz Nieves, Presidente del Comité.

Ambos abogados se movilizaron de inmediato. Hicieron visitas semanales a la comunidad, reuniéndose con miembros de la misma. Se reunieron en múltiples ocasiones en la residencia del señor Ortiz Nieves y en la oficina de los abogados.

El licenciado Maldonado Pérez inicialmente participó activamente en la tramitación del caso y en los aspectos procesales de descubrimiento de prueba. Durante el periodo del 1979 al 1982 visitó en repetidas ocasiones la comunidad donde residían los demandantes a fin de poder obtener contestaciones a los interrogatorios y para acordar fechas para la toma de deposiciones. Dichas reuniones se realizaron en la casa del señor José Ortiz Nieves.

El 22 de noviembre de 1982, se señaló una conferencia sobre el estado de los procedimientos a la que compareció el licenciado Ortiz Morales en representación de los demandantes. Para esa fecha se había disuelto la sociedad profesional entre ambos abogados, hecho que ocurrió en abril de 1982. No obstante, ambos abogados seguían compareciendo en el caso. No se informó al Tribunal de Primera Instancia ni a sus clientes de la disolución del bufete de abogados Maldonado-Ortiz. Tampoco se había notificado cambio alguno en la dirección postal registrada en el caso como la de dicho bufete. La vista se suspendió para que las partes plasmaran una estipulación que tuviera el efecto de agilizar los procedimientos. En esa ocasión sólo compareció el licenciado Ortiz Morales en representación de los demandantes. A partir de esa fecha, ninguna de las partes realizó acción afirmativa alguna a favor de la tramitación del caso. Por esa razón el 12 de agosto de 1983 el Tribunal de Primera Instancia expidió una orden para que se mostrara causa por la cual no debía archivar el caso por inacción a tenor con la Regla 39.2(b) de

las de Procedimiento Civil.[1] El 24 de agosto de 1983, ese tribunal ordenó el archivo del caso por inactividad en el trámite.

Durante el mes de agosto de 1983, el licenciado Maldonado Pérez se marchó de Puerto Rico sin notificar a sus clientes y sin solicitar al Tribunal de Primera Instancia la renuncia de la representación legal de los demandantes. El licenciado Ortiz Morales continuó sólo atendiendo el caso de los demandantes. El 8 de septiembre de 1983, (más de un año después) el licenciado Ortiz Morales presentó una moción en la cual informó que su sociedad profesional con el licenciado Maldonado Pérez había sido disuelta en el 1982 y que la sentencia de archivo del caso había sido enviada a la dirección postal de la oficina de la extinta sociedad profesional, por lo que no recibió copia de la misma. El licenciado Ortiz Morales solicitó el relevo de la sentencia en vista del interés de los demandantes en continuar con el pleito. La parte demandada se opuso por escrito, anejando copia de las numerosas cartas enviadas al licenciado Ortiz Morales, relacionadas al descubrimiento de prueba de las que nunca se obtuvo respuesta. El licenciado Ortiz Morales replicó y adujo que desde septiembre de 1981 hasta diciembre de 1982 no había practicado como litigante porque se había retirado a realizar funciones en el Senado de Puerto Rico. Arguyó, además, que el referido bufete de abogados continuó operando con el licenciado Maldonado Pérez hasta abril de

_____
[1] 32 L.P.R.A., Ap. III, R. 39.2(b).

1982 cuando la sociedad profesional entre ellos quedó disuelta. Durante ese período, el licenciado Ortiz Morales continuó haciendo gestiones relacionadas con el caso de los demandantes. Hizo gestiones con un neumólogo para la evaluación de los problemas de salud, sin éxito, por la falta de cooperación de sus clientes. Expresó que en agosto de 1983, el licenciado Maldonado Pérez salió de Puerto Rico para establecer su residencia en Estados Unidos. El 18 de octubre de 1983 el Tribunal de Primera Instancia dejó sin efecto la sentencia que decretó el archivo del caso. La empresa Unión Carbide recurrió de esa determinación a este Tribunal, mediante el correspondiente recurso de *certiorari*. El 23 de noviembre de 1983 denegamos el auto solicitado.

Transcurridos seis (6) meses sin que las partes tomaran acción en el caso, el Tribunal de Primera Instancia volvió a emitir una orden para mostrar causa por la cual no se debía archivar el caso por inactividad. En respuesta a dicha orden compareció el licenciado Ortiz Morales e informó que había llegado a unas estipulaciones con la parte demandada para atender los requerimientos sobre descubrimiento de prueba.

El 3 de diciembre de 1984, la parte demandada solicitó la desestimación de la acción. Adujo que los demandantes no habían cumplido con la estipulación sobre el descubrimiento de prueba. El licenciado Ortiz Morales compareció por escrito y adujo que debido al gran número de demandantes se le había hecho muy difícil recopilar todas las firmas necesarias para la contestación a los interrogatorios.

Solicitó un término adicional para contestar los interrogatorios que le habían sido cursados. El 8 de febrero de 1985 el Tribunal de Primera Instancia le concedió un término de treinta (30) días, apercibiéndole de que su falta de cumplimiento podría conllevar que se archivara con perjuicio la causa de acción incoada.

El 22 de febrero de 1985, el licenciado Ortiz Morales se comunicó por escrito con los demandantes y les informó de la necesidad de contestar los interrogatorios y las consecuencias de no hacerlo. La parte demandada volvió a solicitar en marzo de 1985 la desestimación de la demanda, debido al incumplimiento de los demandantes con los requerimientos de descubrimiento de prueba. Luego de celebrar una conferencia sobre el estado de los procedimientos, el Tribunal de Primera Instancia le concedió a los demandantes sesenta (60) días adicionales para cumplir con dichos requerimientos. El 11 de diciembre de 1985, la parte demandada solicitó la desestimación parcial de la causa de acción con respecto a 322 demandantes que a esa fecha todavía no habían contestados los interrogatorios. El tribunal concedió a esos demandantes veinte (20) días adicionales para contestar los interrogatorios y les advirtió que al cabo de ese término, accedería al archivo con perjuicio de sus acciones de no cumplir con lo requerido. El 13 de febrero de 1986, la parte demandada solicitó la desestimación de la reclamación de otros demandantes debido a que no suministraron cierta información requerida. El

Tribunal de Primera de Instancia le requirió, sin éxito, a la parte demandante que explicara la razón para ese incumplimiento. El 26 de junio de 1986, emitió sentencia parcial en la cual archivó la causa de acción de 351 demandantes. Dicha sentencia fue notificada con copia al licenciado Ortiz Morales a la dirección postal que aparecía en los autos. Al recibir la copia de la referida sentencia, el licenciado Ortiz Morales se lo notificó por vía telefónica al Presidente del Comité, señor Ortiz Nieves. No obstante, no solicitó reconsideración ni recurrió de la misma. El licenciado Ortiz Morales entendió que al advenir firme la sentencia, el dejó de ser abogado de los demandantes. No solicitó al Tribunal de Primera Instancia la renuncia a la representación profesional de los demandantes. El licenciado Ortiz Morales no volvió a realizar gestión alguna respecto al pleito pendiente después de recibida copia de la referida sentencia.

El 3 de enero de 1987, el licenciado Ortiz Morales abandonó su práctica de la abogacía para ocupar el cargo de Subsecretario de Estado de Puerto Rico. Los demandantes desconocían todo lo que había acontecido en su caso. Ambos abogados, el licenciado Ortiz Morales y el licenciado Maldonado Pérez, no informaron a sus clientes que no iban a trabajar más en el caso y tampoco renunciaron a su representación legal. Varios de los demandantes visitaron al licenciado Ortiz Morales un mes antes de que éste abandonara la práctica de la abogacía y después de que se archivaran las

acciones de 531 de los demandantes. No les informó a ninguno de ellos sobre el asunto y además, les hizo creer que la reclamación todavía existía. Le informó al grupo que no interesaba continuar representándolos.

El 23 de febrero de 1987, ante la inacción del licenciado Ortiz Morales respecto a las restantes causas de acción y luego del correspondiente apercibimiento, el Tribunal de Primera Instancia dictó sentencia y ordenó el archivo de las mismas por inactividad. Los demandantes no fueron informados de ese hecho por el licenciado Ortiz Morales. Posteriormente, fue presentada nuevamente una solicitud de relevo de sentencia por fraude que fue denegada por el Tribunal de Primera Instancia. Dicha decisión fue revisada ante nos y el 13 de octubre de 1992, dictamos sentencia revocatoria y ordenamos a ese foro celebrar una nueva vista para escuchar los testimonios del licenciado Ortiz Morales y del señor José Ortiz Nieves, como evidencia para sostener la alegación de fraude. El Tribunal de Primera Instancia, luego de escuchar ambos testimonios, denegó lo solicitado.

El "Comité Pro-Conservación del Medio Ambiente de la Comunidad Ingenio de Yabucoa" presentó una queja contra el licenciado Carlos Ortiz Morales. Luego de dar oportunidad para contestar la queja, referimos el asunto a la consideración del Procurador General para que investigara y sometiera el informe de rigor. El 1 de septiembre de 2000, luego de evaluado el Informe del Procurador General y los escritos de las partes, ordenamos la presentación de la

querella contra el licenciado Carlos Ortiz Morales y el licenciado Ernesto Maldonado Pérez, que fue formulada el 6 de octubre de 2000. En ella se le imputan a ambos querellados lo siguiente:

Cargo I: "Los Lcdos. Carlos Ortiz Morales y Ernesto Maldonado Pérez incurrieron en conducta profesional en violación al Canon 19 de los Cánones de Ética Profesional, 4 LPRA Ap.IX C 19 que impone el deber al abogado de mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado".

Cargo II: Los Lcdos. Carlos Ortiz Morales y Ernesto Maldonado Pérez incurrieron en conducta profesional en violación al Canon 18 de los Cánones de Ética Profesional, 4 LPRA Ap. IX C 18 que impone al abogado un deber de diligencia y le apercibe de no actuar negligentemente al asumir la representación legal de un cliente..."

Cargo III: "Los Lcdos. Carlos Ortiz Morales y Ernesto Maldonado Pérez incurrieron en conducta profesional en violación al Canon 20 los Cánones de Ética Profesional, 4 LPRA Ap. IX C 20 que dispone que [c]uando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello".

El 9 de enero de 2001, designamos al licenciado Enrique Rivera Santana como Comisionado Especial. Después de celebrada la vista evidenciaria correspondiente, el Comisionado Especial rindió su informe el 10 de julio de 2002. Al formular sus determinaciones de hechos, consideró la prueba oral presentada, estipulaciones de las partes, documentos que fueron objeto de conocimiento judicial, la queja, la querella y sus contestaciones y los

pronunciamientos judiciales finales y firmes relacionados con los hechos que dieron lugar a la querella.

Pasemos a analizar y evaluar como cuestión de umbral los cargos formulados sobre conducta alegadamente reñida con los Cánones 18 y 20 de Ética Profesional.[2]

El Canon 20, *supra* dispone que cuando un abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello. Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de sus clientes tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación profesional; aconsejar sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o con relación a la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del Tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado. Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar

_____

[2] 4 L.P.R.A., Ap. IX, C. 18 y 20.

inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado.

El Canon 18, *supra* le impone al abogado el deber de desempeñarse en forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad y actuar en aquella forma que la profesión jurídica en general estima adecuada y responsable. El abogado no podrá asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Una vez los querellados comparecieron al tribunal en representación de sus clientes en el asunto de referencia no podían dejar de descargar su responsabilidad con la debida diligencia. Bajo las circunstancias del presente caso los aludidos demandantes se convirtieron en sus clientes ante el Tribunal de Primera Instancia y frente a los Cánones de Ética Profesional. En esa gestión profesional tenían el deber ineludible de defender los intereses de sus clientes diligentemente, obligación que no cumplieron cabalmente. No actuaron con celo, cuidado y prudencia. No tomaron medidas razonables y cautelares para evitar que sus clientes sufrieran perjuicios. Asumieron la representación profesional de 756 reclamantes, por lo que dicha gestión requería una organización estructurada para rendir una labor idónea competente. Ausente la referida organización no

podían los querellados prepararse en forma adecuada sin que ello provocara demoras irrazonables a sus clientes y a la administración de la justicia. Tampoco pidieron permiso al Tribunal de Primera Instancia para renunciar a su representación profesional. Sencillamente actuaron en forma descuidada e irresponsable.[3]

La función de los abogados como uno de los componentes esenciales del sistema adversativo de impartir justicia, como oficiales del Tribunal, está revestida de gran interés público y genera obligaciones y responsabilidades duales para con sus clientes y para con el tribunal en la administración de la justicia. Esto les impone el deber de asegurarse que sus actuaciones en todos los casos en que intervienen estén encaminadas a lograr que las controversias se resuelvan de una manera justa, rápida y económica.[4]

Una vez los querellados firmaron y presentaron la referida demanda asumieron ante el Tribunal de Primera Instancia la responsabilidad de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible. Este deber no cesaba hasta que ese tribunal los relevara de su deber al aceptar su renuncia. Su responsabilidad como abogados para con sus clientes y con el tribunal no dependía de las circunstancias bajo las cuales asumieron su representación profesional ni de los problemas y

---

[3] In re Silverio Orta, 117 D.P.R. 14 (1986); In re Vélez Barlucea, 152 D.P.R. 298 (2000).

[4] Íd.

obstáculos que se encontraron durante el trámite de los procedimientos. Tenían la obligación de informar a sus clientes y al tribunal de la imposibilidad de continuar con su representación profesional, pedir su relevo y que mediara una orden judicial a esos efectos.

El Canon 19 de Ética Profesional le impone al abogado a mantener a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le sea encomendado por éste.[5] Los querellados no le informaron en ningún momento a sus clientes de su intención de no continuar representándolos. Tampoco informaron a sus clientes de asuntos de suma importancia que estaban acaeciendo durante el trámite de los procedimientos que podían perjudicar seriamente su reclamación.

Hemos establecido que al determinar la sanción disciplinaria aplicable al abogado querellado, podemos tomar en cuenta factores como la reputación del abogado en su comunidad, el previo historial de éste, si es su primera falta, la aceptación de la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, resarcimiento al cliente y cualesquiera otras consideraciones, ya bien atenuantes o agravantes que medien de acuerdo a los hechos.[6]

---

[5] 4 L.P.R.A., Ap. IX C. 19.

[6] In re Vélez Barlucea, *supra*; In re Montalvo Guzmán, res. 20 de mayo de 2005, 164 D.P.R.___ (2005), 2005 J.T.S. 87; In re Quiñones Ayala, res. 30 de junio de 2005, 165 D.P.R. ___ (2005), 2005 J.T.S. 104.

En el presente caso tomamos en consideración a favor de los querellados que ambos han disfrutado de buena reputación desde que fueron admitidos a la abogacía, que es su primera falta dentro de su descargo profesional en la abogacía y de que muchos de sus clientes no cooperaron ni cumplieron con sus requerimientos durante el trámite de los procedimientos.

En virtud de lo anterior procede que impongamos al licenciado Carlos Ortiz Morales, como sanción disciplinaria, una suspensión de la abogacía y de la notaría por seis (6) meses y al licenciado Ernesto Maldonado Pérez como sanción disciplinaria, una suspensión de la abogacía y de la notaría por tres (3) meses.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Ortiz Morales
Ernesto Maldonado Pérez

CP-2000-9

SENTENCIA

San Juan, Puerto Rico, a 8 de noviembre de 2005.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, procede que impongamos al licenciado Carlos Ortiz Morales, como sanción disciplinaria, una suspensión de la abogacía y de la notaría por seis (6) meses y al licenciado Ernesto Maldonado Pérez como sanción disciplinaria, una suspensión de la abogacía y de la notaría por tres (3) meses.

Se les impone el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión a los foros judiciales y administrativos de Puerto Rico. Deberán, además, certificarnos dentro del término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

De no haberse incautado la totalidad de la obra notarial de los señores Carlos Ortiz Morales y Ernesto Maldonado Pérez, el Alguacil General de este Tribunal procederá a incautar la misma y entregarla a la Oficina de la Directora de Inspección de Notaría, incluyendo su sello notarial.

Notifíquese personalmente a los querellados con copia de la Opinión que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.  El Juez Asociado señor Fuster Berlingeri no intervino.


                              Dimarie Alicea Lozada
                    Secretaria del Tribunal Supremo Interina