per curiam:
Nos corresponde atender una querella contra un abogado que aceptó la representación legal de unos clientes para instar una demanda en daños y perjuicios, y al no tener éxito en la reclamación extrajudicial, permitió que prescribiera la acción civil sin informárselo a dichos clientes y sin entregarles el expediente cuando le fue requerido. Por entender que la actuación del querellado se apartó de las normas éticas que rigen el ejercicio de la profesión, resolvemos que su conducta infringió los Cánones 18, 19 y 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
I
El querellado Luis A. Ortiz López (Ortiz López) fue admitido al ejercicio de la abogacía en enero de 1992 y al ejercicio del notariado en enero de 1997.
A mediados del 2000, el Sr. Celso J. Arocho Irizarry y su esposa, la Sra. Isolina Santiago Rivera (esposos ArochoSantiago), contrataron verbalmente los servicios profesionales de Ortiz López para que iniciara una reclamación en daños y perjuicios a favor de éstos y de la hija menor de ambos por una caída que sufrió la señora Santiago en Pal-mas del Mar, mientras se encontraba en su séptimo mes de embarazo.
En agosto de 2000 Ortiz López comenzó a hacer gestiones a favor de sus clientes. Mediante carta, reclamó extrajudicialmente a la aseguradora de Palmas del Mar, pero ésta se negó a asumir responsabilidad.
En vista de que las gestiones extrajudiciales no tuvieron éxito, en diciembre de 2000 los esposos Arocho-Santiago y Ortiz López redujeron a escrito los términos del contrato de servicios profesionales para dar inicio a la reclamación judicial. En efecto, del contrato surge que las partes discu *766 tieron los méritos del caso. Los clientes, además, le entregaron a Ortiz López $500 para que éste cumpliera la referida encomienda. Ortiz López, por su parte, remitió una carta a sus clientes afirmando que tenían que demandar.
El tiempo transcurrió sin que los esposos Arocho-Santiago recibieran información sobre el pleito. Realizaron gestiones para reunirse con Ortiz López, mas por lo general resultaron infructuosas. Al final, ante la insistencia de sus clientes por conocer del estatus del caso, Ortiz López les remitió copia de un interrogatorio que supuestamente había enviado la parte demandada.
Cabe destacar que el interrogatorio cursado contenía un epígrafe que identificaba el caso como “ISOLINA SANTIAGO RIVERA, DEMANTANTE VS. ROYAL INSURANCE COMPANY ET AL, DEMANDADOS”. De éste surgía que el Tribunal de Primera Instancia, Sala Superior de Humacao, estaba tramitando el pleito bajo el Núm. HDP 2001 1537.
Al pasar varios años sin conocer sobre su reclamación, los esposos Arocho-Santiago optaron por acudir a la Sala Superior de Humacao para inquirir sobre el asunto. Allí finalmente descubrieron que no se había presentado ningún caso a su nombre.
En vista de lo anterior, los clientes presentaron una queja mediante la cual reclamaron la devolución del expediente del caso y el dinero entregado. Ortiz López supo de tal requerimiento en junio de 2003. Sin embargo, transcurrió más de un año antes de que efectuara la entrega.
En agosto de 2004 el Procurador General sometió ante nuestra consideración el Informe relativo a la referida queja contra Ortiz López. Examinado el Informe, ordenamos la presentación de la querella correspondiente.
El Procurador General le imputa al querellado unas violaciones a los Cánones 18, 19 y 20 del Código de Etica Profesional, supra. Específicamente aduce que el querellado violentó dichos cánones al no ser diligente, competente y capaz en la protección de los derechos de sus clientes, y con ello permitir que prescribiera cualquier acción *767 que éstos tuvieran; al no mantener informados a sus clientes del desarrollo del asunto encomendado por éstos; al no consultar la estrategia por seguir, y finalmente, al no hacer una entrega rápida del expediente del caso una vez supo de tal requerimiento.
Luego, Ortiz López compareció ante nos y negó los car-gos imputados. Oportunamente, designamos al honorable Enrique Rivera Santana como comisionado especial para que nos rindiese el informe pertinente después de cumplir con los trámites de rigor.
El Comisionado Especial sometió su Informe el 2 de junio de 2006. Señala que Ortiz López ahora aceptaba libre y voluntariamente los hechos, según expuestos en el Informe del Procurador General, así como los tres cargos imputados en la querella.
Sometido el caso, estamos en condiciones para resolver.
II
El Canon 18 del Código de Ética Profesional, supra, dispone, en lo que nos concierne, que es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.
Dicho canon establece también que el abogado no podrá asumir una representación profesional cuando es consciente de que no puede rendir una labor idónea y competente, y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Canon 18 del Código de Ética Profesional, supra.
Es norma establecida que cuando un abogado asume la representación de un cliente, tiene la responsabilidad indelegable de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible. In re Ortiz Morales, 166 D.P.R. 105 (2005). En lo pertinente *768 al caso de autos, hemos reiterado que el desatender o abandonar un caso, o permitir que expire el término prescriptivo o jurisdiccional de una acción, son algunos de los tipos de conducta que violan este deber de diligencia. Véanse: In re Ortiz Morales, supra; In re Roca Rosselli, 164 D.P.R. 380 (2005); In re Díaz Santiago, 164 D.P.R. 41 (2005).
Este Tribunal ha sido enfático en reiterar que el deber de diligencia profesional es incompatible con la desidia, despreocupación, inacción y displicencia. In re Padilla Pérez, 135 D.P.R. 770 (1994). Por lo tanto, un abogado no debe demostrar poco interés en proseguir el caso de su cliente porque aparentemente el caso carece de méritos. In re Rosario, 116 D.P.R. 462 (1985).
Por otro lado, el Canon 19 del Código de Ética Profesional, supra, claramente establece que el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. El deber de mantener informado al cliente es un elemento imprescindible en la relación fiduciaria abogado-cliente. In re Hernández Nazario, 159 D.P.R. 63 (2003).
En In re Hernández Nazario, supra, específicamente reiteramos que volverse inaccesible para un cliente, no responder a sus llamadas, no mantenerlo informado de la situación procesal del caso, no informarlo del resultado adverso de su gestión o no informarlo inmediatamente de una sentencia de archivo o en sus méritos, entre otras cosas, contraviene lo establecido por el referido Canon 19.
Por último, del Canon 20 del Código de Ética Profesional, supra, surge que en nuestro ordenamiento un abogado no tiene un derecho de retención sobre el expediente de su cliente. Una vez el cliente le solicita la renuncia a su abogado, la entrega del expediente de su caso debe ser inmediata y sin dilación alguna. In re Criado Vázquez, 155 D.P.R. 436 (2001).
*769 III
En el caso de autos, no está en controversia que Ortiz López incurrió en la conducta que se le imputa en la querella. Ortiz López aceptó los cargos y, a base de ello y de la prueba desfilada, el Comisionado Especial concluyó que el querellado incurrió en infracción a los tres cánones señalados. Veamos.
Ortiz López nunca instó la demanda en los tribunales, a pesar de haber aceptado la representación legal de los esposos Arocho-Santiago para iniciar una acción judicial. Surge del Informe del Comisionado Especial que el querellado entendió que hacía falta la opinión de un perito, pero no la consiguió. Luego, desatendió negligentemente la reclamación y permitió, por su inacción, que prescribiera la causa de acción de los esposos Arocho-Santiago.
El Comisionado Especial expone en su Informe que Ortiz López, al no tener éxito en la reclamación extrajudicial, dudó sobre los méritos de la acción civil. No obstante, no lo informó a sus clientes ni renunció a su representación legal. Por el contrario, precisamente por el hecho de que las gestiones extrajudiciales fueron infructuosas, Ortiz López notificó a sus clientes la necesidad de demandar y aceptó, además, $500 para iniciar el proceso judicial.
En lugar de asesorar a sus clientes y consultarles la estrategia que seguirían, Ortiz López los mantuvo ajenos del verdadero estatus del caso. El querellado evadió la comunicación con sus clientes y los indujo a creer —mediante el envío de un interrogatorio falso— que la reclamación judicial existía.
La conducta de Ortiz López evidentemente tuvo el efecto inalterable de privar a sus clientes del derecho a reclamar los daños y perjuicios sufridos. Su desidia, despreocupación, inacción y displicencia en el manejo del caso a todas luces constituye una violación a los deberes de diligencia e información contenidos en los Cánones 18 y 19 del Código de Etica Profesional, supra. In re Ortiz Morales, *770 supra; In re Pérez Santiago, 131 D.P.R. 676 (1992). Reiteramos que un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía, y no mantiene al cliente informado de los desarrollos del caso, incurre en una violación seria de ética profesional. In re Arroyo Rivera, 148 D.P.R. 354 (1999).
Por último, el querellado aceptó haber retenido indebidamente el expediente de sus clientes. Es menester insistir en que actúa en contravención al referido Canon 20 aquel abogado que no entrega de inmediato y sin dilación alguna el expediente del caso una vez el cliente se lo requiere. En el caso de autos, Ortiz López demoró más de un año en devolver el expediente una vez conoció tal requerimiento. Dicha demora, sin duda alguna, constituye una dilación irrazonable.
En el presente caso, Ortiz López se allanó a los tres cargos imputados. Aunque aclara que, para el momento de los hechos, pasaba por incidentes personales que le impidieron ejercer adecuadamente sus deberes como abogado, el querellado se olvida de que nuestra normativa claramente dispone que las situaciones personales no justifican desatender las responsabilidades éticas que rigen el ejercicio de la abogacía.
Por ende, resolvemos que Ortiz López incumplió los deberes que tenía para con sus clientes, infringiendo así los Cánones 18,19 y 20 del Código de Etica Profesional, supra. Para determinar la sanción disciplinaria aplicable al querellado, tomaremos en consideración que éste aceptó la responsabilidad por los cargos imputados en su contra, pidió disculpas y expresó su sincero arrepentimiento. Ortiz López reconoció que su conducta no estuvo a la altura de lo que exige el ejercicio de la abogacía. Finalmente, pagó a sus clientes una compensación monetaria de $10,000, luego de hipotecar un inmueble para obtener esta suma. Consideramos estos actos como elementos atenuantes de las violaciones éticas descritas anteriormente. Véanse: In *771 re Quiñones Ayala, 165 D.P.R. 138 (2005); In re Pagán Ayala, 117 D.P.R. 180 (1986).
En virtud de lo anterior, y tomando en cuenta que del expediente personal del querellado surge que ésta es la primera querella en su contra, suspendemos a Ortiz López del ejercicio de la abogacía y de la notaría por el término de tres meses, por deficiencia en el desempeño de la profesión. Se le apercibe que el incumplimiento con sus deberes profesionales en el futuro puede conllevar una sanción más severa. El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Ortiz López y entregarlos a la Directora Interina de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.