EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2008 TSPR 178 |
| Ricardo Torres Muñoz | 175 DPR ＿＿＿ |

Número del Caso: CP-2006-9

Fecha: 2 de octubre de 2008

Abogado de la Parte Querellada:

Por Derecho Propio

Oficina del Procurador General:

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Lcda. Zaira Z. Giron Anadón
Procuradora General Auxiliar

Materia: Conducta Profesional
(La suspensión será efectiva el 13 de noviembre de 2008 fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo Torres Muñoz        CP-2006-9

PER CURIAM

San Juan, Puerto Rico, a 2 de octubre de 2008.

## I

El Lic. Ricardo L. Torres Muñoz fue admitido al ejercicio de la abogacía el 3 de marzo de 1989 y al ejercicio de la notaría el 4 de junio de 1990.

Del informe del Comisionado Especial se desprende que el Sr. Juan Sotomayor López, la Sra. Norma Mantilla Siverio y la Sra. Rosa M. Rosa Villanueva, en adelante querellantes, contrataron los servicios profesionales del licenciado Ricardo L. Torres Muñoz, para que los representara ante la Junta de Apelaciones del Sistema de Administración de Personal, en adelante J.A.S.A.P., y ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, en adelante Tribunal

Federal, en una acción por discrimen político contra el Departamento de Familia.

En vista del procedimiento administrativo que pendía ante J.A.S.A.P., el Departamento de la Familia le solicitó al Tribunal Federal la paralización de los procedimientos conducidos en dicho foro hasta tanto J.A.S.A.P. emitiera una determinación al respecto, puesto que ambos procedimientos versaban sobre los mismos hechos. Dicha petición fue acogida por el Tribunal Federal.

Posteriormente, J.A.S.A.P. ordenó la reinstalación del señor Sotomayor López a su puesto mas declaró no ha lugar las apelaciones instadas por la señora Rosa Villanueva y la señora Mantilla Siverio. En vista de ello, el licenciado Torres Muñoz, en representación de los querellantes, presentó un recurso de revisión administrativa ante el entonces Tribunal de Circuito de Apelaciones. En el ínterin, el 16 de diciembre de 1999, Tribunal Federal le ordenó al licenciado Torres Muñoz que informara por escrito el estatus del caso. Tras solicitar prórroga, el licenciado Torres Muñoz compareció y le informó al Tribunal Federal que ante el Tribunal de Circuito de Apelaciones pendía un recurso de revisión administrativo.

El 11 de abril de 2001, el Tribunal de Circuito Apelaciones revocó la determinación emitida por J.A.S.A.P. respecto a la señora Rosa Villanueva y a la señora Mantilla Siverio; declaró ha lugar la alegación de discrimen político y ordenó la reinstalación de éstas a sus puestos y el pago de los haberes dejados de percibir. Respecto al

señor Sotomayor López, el Tribunal de Circuito de Apelaciones confirmó el dictamen emitido por J.A.S.A.P.[1]

El 4 de junio de 2001, el licenciado Torres Muñoz se comunicó vía telefónica con sus representados, y les expresó que quería reunirse con ellos la semana siguiente. No obstante, dicha reunión nunca se realizó. De hecho, cuando los querellantes fueron a la oficina del licenciado Torres Muñoz, se percataron que éste se había mudado y no les había notificado su nueva dirección.

Transcurridos once (11) meses sin conocer lo que acontecía con la demanda incoada en el Tribunal Federal y sin tener noticias del licenciado Torres Muñoz, los querellantes casualmente se enteraron que éste se encontraba trabajando en el Departamento de Salud. En vista de ello, los querellantes se comunicaron con el licenciado Torres Muñoz, quien les informó que los citaría a una reunión para discutir el caso que pendía ante el Tribunal Federal.

El licenciado Torres Muñoz no se comunicó con los querellantes para llevar a cabo la referida reunión. No obstante, éstos trataron infructuosamente de comunicarse con él. Como resultado de lo anterior, los querellantes viajaron desde Aguadilla a Bayamón y acudieron a su oficina en el Departamento de Salud para indagar el estatus de su caso. Al llegar a la oficina del licenciado Torres Muñoz, éste los recibió y les expresó que posteriormente les

---

[1] En el caso del señor Sotomayor López, J.A.S.A.P. declaró ha lugar la apelación de éste, y le ordenó al Departamento de la Familia reinstalarlo en su puesto y el pago de los haberes dejados de percibir.

enviaría el expediente del caso. No obstante, transcurrió el tiempo y el licenciado Torres Muñoz nunca les envió el referido expediente.

El 11 de abril de 2003, el licenciado Torres Muñoz le remitió una carta al señor Sotomayor López en la que le comunicó que no había encontrado el expediente del caso ante el Tribunal Federal, y le solicitó que le hiciera llegar algún documento con el número del caso. Una vez recibida la carta, el señor Sotomayor López se comunicó con la secretaria del licenciado Torres Muñoz y le brindó el número del caso.

Posteriormente, el licenciado Torres Muñoz citó a los querellantes en dos ocasiones para reunirse con ellos, pero cuando éstos llegaron a su oficina en el Departamento de Salud, se toparon con la noticia de que éste no se encontraba. Ante tal situación, los querellantes le expresaron a la secretaria del licenciado Torres Muñoz que se disponían a presentar una querella contra éste en el Tribunal Supremo. Después que los querellantes se marcharon del Departamento de Salud, recibieron una llamada de la secretaria del licenciado Torres Muñoz, comunicándoles que éste se reuniría con ellos el 7 de agosto de 2003.

Llegada la fecha pautada para la reunión, el licenciado Torres Muñoz no se presentó. Por tal razón, la secretaria de éste les entregó a los querellantes el expediente del caso, acompañado de una misiva en donde el licenciado Torres Muñoz expresaba que no les había entregado el expediente del caso antes porque el mismo estaba extraviado. La secretaria del licenciado Torres

Muñoz también les entregó a los querellantes un escrito titulado "Second Motion Requesting Hearing, Leave to Withdraw as Attorney for Plaintiff". La referida moción fue presentada el 8 de agosto de 2003 en la Secretaría del Tribunal Federal.

El 20 de agosto de 2003, los querellantes le cursaron una carta al el licenciado Torres Muñoz, expresándole que querían reunirse con él para que les explicara que había sucedido con su caso puesto que estaban muy confundidos porque habían obtenido el "docket" de la demanda instada en el Tribunal Federal, y éste indicaba que la demanda había sido desestimada y archivada con perjuicio. No obstante, a pesar de la gravedad de los señalamientos de los querellantes, el licenciado Torres Muñoz no contestó la carta ni se comunicó con ellos.

En vista de lo anterior, 4 de mayo de 2004, el señor Sotomayor López, la señora Rosa Villanueva y la señora Siverio Mantilla presentaron en la Secretaría de este Tribunal una queja contra del licenciado Torres Muñoz.

Los querellantes expresaron en su escrito que la demanda incoada el 25 de septiembre de 1995 en el Tribunal Federal fue desestimada con perjuicio el 19 de marzo de 2002, debido a que el licenciado Torres Muñoz no contestó las múltiples órdenes emitidas por el Tribunal Federal para que informara el estatus del caso. Sostuvieron, además, que no fue hasta el 20 de agosto de 2003 que advinieron en conocimiento que la demanda incoada en el Tribunal Federal fue desestimada con perjuicio. Como resultado de lo anterior, los querellantes presentaron una demanda por

impericia profesional contra el licenciado Torres Muñoz en el Tribunal Superior, Sala de Aguada. El 8 de noviembre de 2006, la demanda fue desestimada con perjuicio.

Luego de solicitar varias prórrogas, el licenciado Torres Muñoz contestó la queja presentada por los querellantes y adujo que les había informado a éstos que no podía continuar la representación de su caso ante el Tribunal Federal puesto que había comenzado a trabajar en el Departamento de Salud. Señaló, además, que el 2 de julio de 2001, había presentado ante el Tribunal Federal una primera moción para renunciar como representante legal de los querellantes[2] y que advino en conocimiento de la desestimación del caso al recibir la queja presentada.

Así las cosas y luego de los trámites de rigor, le ordenamos al Procurador General presentar la correspondiente querella contra el referido abogado. En dicha querella, el Procurador General presentó tres (3) cargos contra el licenciado Torres Muñoz por violación a los cánones 18, 19 y 20 del Código de Ética Profesional.[3]

Sometido el caso y luego de ponderar el informe del Comisionado Especial así como los autos del caso, procedemos a resolver sin ulterior trámite.

## II

### A

---

[2] Según se discutirá más adelante, la referida moción es el único documento que no está ponchado por la Secretaría del Tribunal Federal y tampoco aparece en el "docket" del caso.

[3] 4 L.P.R.A. Ap. IX.

Los Cánones de Ética Profesional tienen el fin primordial de promover que los abogados se desempeñen, profesional y personalmente, de acuerdo a los más altos principios éticos y de conducta decorosa para beneficio de la profesión, de la ciudadanía, y de las instituciones de justicia del país.[4] Al juramentar una persona como abogado, éste se convierte en funcionario del Tribunal y ministro ordenado de la justicia y se compromete a desplegar su alto ministerio con la mayor y más excelsa competencia, compromiso e integridad.[5]

Como parte de los postulados que rigen la profesión legal, el Canon 18 del Código de Ética Profesional[6] le impone a todo abogado el deber de desempeñarse en todo momento de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.[7] De conformidad con lo anterior, hemos decretado en reiteradas ocasiones que todo miembro de la profesión legal tiene el deber de defender los intereses de su cliente con el **arraigado compromiso de desplegar la**

---

[4] In re Izquierdo Stella, 154 D.P.R. 732 (2001).

[5] In re Quintero Alfaro, res. 9 de febrero de 2004, 164 D.P.R. ___, 2006 T.S.P.R. 20.

[6] 4 L.P.R.A. Ap. IX, C.18.

[7] 4 L.P.R.A. Ap. IX, C. 18. Véase In re Hoffman Mouriño, res. 7 de mayo de 2007, 171 D.P.R.____, 2007 T.S.P.R. 114.

**mayor capacidad, lealtad, celo, responsabilidad y la más completa honradez.**[8]

Reiteradamente hemos resuelto que este deber se transgrede cuando el abogado asume una representación legal, consciente que no puede realizar una labor idónea y competente o que no puede prepararse adecuadamente para el caso sin que ello conlleve gastos o demoras irrazonables a su cliente o a la administración de la justicia.[9]

De igual forma, hemos resuelto que se configura conducta violatoria al Canon 18 cuando la actuación negligente y contumaz del abogado produce la desestimación o el archivo del caso de su cliente.[10]  Tal resultado deja entrever una actitud de displicencia, despreocupación, desidia e irresponsabilidad que no estamos dispuestos a tolerar. En In re Vilches López, resolvimos que cuando un abogado desatiende o abandona un caso, y tal acción provoca el archivo del caso de su representado, acarrea cuando menos, una suspensión del ejercicio de la profesión.[11]

**B**

El Canon 19 de los de Ética Profesional, le impone a todo miembro de la profesión legal el deber inexcusable de mantener informado a su cliente de todo asunto importante que surja en el desarrollo de su caso.[12]  Tal obligación

---

[8] In re Meléndez La Fontaine, res. 9 de febrero de 2006, 166 D.P.R. ___, 2006 T.S.P.R. 22. Énfasis suplido.

[9] 4 L.P.R.A. Ap. IX, C. 18.  In re Meléndez Figueroa, res. 15 de noviembre de 2005, 166 D.P.R., 2005 T.S.P.R. 177.

[10] In re Guadalupe Díaz, 155 D.P.R. 135, 154-155 (2001).

[11] Res. 4 de abril de 2007, 170 D.P.R.___, 2007 T.S.P.R. 84.

[12] 4 L.P.R.A. Ap. IX, C. 19.

constituye un elemento vital e imprescindible de la relación fiduciaria abogado-cliente.[13] Además, es menester señalar que el deber de diligencia e información se activa desde el momento en que el letrado acepta la representación legal y continúa hasta que finaliza la misma.

De la aludida disposición legal, se desprende que el abogado debe mantener informado a su cliente de todas las incidencias importantes del caso. Esta obligación significa que el abogado tiene que mantener informado al cliente de las gestiones realizadas y del desarrollo de éstas; consultar las cuestiones que no están dentro del ámbito discrecional de la representación legal; y cumplir cabalmente las directrices que le imparten sus representados.[14]

Por tanto, se incurre en violaciones al canon 19 cuando se desatienden los reclamos de información del cliente; cuando no se le informa el resultado adverso de la gestión encomendada; cuando la acción se desestima o se archiva; cuando no se mantiene informado al cliente del estado o la situación procesal del caso; o cuando se le niega al cliente información del caso.[15]

### C

El Canon 20 del Código de Ética Profesional dispone que un abogado "no puede ni debe renunciar la

---

[13] In re Criado Vázquez, 155 D.P.R. 436, 456 (2001).

[14] In re Acosta Grubb, 119 D.P.R. 595 (1987).

[15] In re Colón Morera, res. 23 de agosto de 2007, 172 D.P.R. ___, 2007 T.S.P.R. 157.

representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando haya razón justificada e imprevista para ello."[16] Dicha disposición le impone al abogado, antes de renunciar a la representación de su cliente, **la obligación de tomar medidas razonables en aras de evitar perjuicio a su cliente.**

Entre las medidas contempladas para evitar lesiones a los representados, el Canon 20 detalla las siguientes: (i) notificar la renuncia al cliente, (ii) aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario, (iii) concederle tiempo para conseguir nueva representación legal, (iv) aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer, (v) y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.[17]

Al advenir efectiva la renuncia del abogado, el Canon 20 del Código de Ética Profesional obliga a todo letrado a entregar el expediente del caso así como cualquier documento relacionado con el mismo. El abogado tiene la

---

[16] 4 L.P.R.A. Ap. IX, C. 20.

[17] Íd.

obligación de entregar el expediente a su cliente de inmediato y sin dilación alguna.[18]

Al interpretar el Canon 20, hemos sostenido que hasta que el abogado no sea relevado de su responsabilidad por el tribunal, tiene el ineludible deber de desplegar el más alto grado de competencia y diligencia posible en su gestión profesional.[19] En vista de lo anterior, es preciso enfatizar que **la presentación de una moción de renuncia de representación profesional no significa que el abogado está automáticamente desvinculado de su responsabilidad hacia su cliente y el tribunal.**[20] Hasta tanto el tribunal autorice la moción de renuncia de representación legal, el abogado debe representar a su cliente de la forma más responsable, cabal y eficiente, y tiene que conducirse a tenor con los postulados éticos que emanan del Código de Ética Profesional y rigen la profesión.

## III

A la luz de la normativa antes reseñada, concluimos que el querellado, licenciado Torres Muñoz, incurrió en violaciones a los Cánones 18, 19 y 20 de Ética Profesional. Veamos.

### Cargo I

---

[18] In re Ortiz Morales, res. 8 de noviembre de 2005, 166 D.P.R. ____, 2005 T.S.P.R. 199.

[19] Lluch v. España Service Sta., 117 D.P.R. 739, 752 (1986).

[20] Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 125 (1975). Énfasis suplido.

El Procurador General expuso en la querella que el licenciado Torres Muñoz violentó el Canon 18 toda vez que la negligencia de éste en el trámite de la demanda incoada en el Tribunal Federal tuvo la nefasta consecuencia de provocar la desestimación con perjuicio de la causa de acción de los querellantes. A igual conclusión, llegó el Comisionado Especial, el Lic. Héctor Urgell Cuebas, en su informe.

Por su parte, en la contestación a la querella el licenciado Torres Muñoz negó que su conducta provocara la desestimación de la demanda instada en el Tribunal Federal. Adujo que defendió los intereses de sus clientes diligentemente y que le notificó a éstos y al Tribunal Federal que estaba impedido de seguir representando su caso debido a que había comenzado a trabajar en el Departamento de Salud.

Al examinar los documentos que obran en el expediente, surge que el 11 de octubre de 2001, el Tribunal Federal le ordenó al licenciado Torres Muñoz informar por escrito el estatus del caso en el término de quince (15) días. Dicha orden fue ignorada por el licenciado Torres Muñoz. Posteriormente, el 5 de febrero de 2002, el Tribunal Federal le ordenó al abogado mostrar causa por la cual el caso no debía ser desestimado por inactividad. El licenciado Torres Muñoz tampoco contestó dicha orden.

En vista de lo anterior, el 18 de marzo de 2002, el Tribunal Federal desestimó la demanda con perjuicio por abandono e incumplimiento con las órdenes del Tribunal. En dicha sentencia, tribunal expresó lo siguiente:

> The Court has entered an Order on this same date dismissing this case for plaintiff's lack of prosecution and failure to comply with the Court's orders.
>
> Wherefore it is ordered and adjudged that this case be dismissed with prejudice.

El trámite procesal antes reseñado, refleja fehacientemente que el licenciado Torres Muñoz violó el Canon 18 del Código de Ética Profesional. Éste no defendió diligentemente los derechos de sus clientes a tenor con los postulados éticos que rigen la profesión legal. La conducta del licenciado Torres Muñoz al abandonar el caso de sus clientes en el Tribunal Federal refleja desidia, despreocupación y displicencia. Si el licenciado Torres Muñoz hubiese informado al Tribunal Federal el estatus del caso tan pronto el Tribunal de Circuito de Apelaciones resolvió, no hubiese ocurrido la desafortunada desestimación del caso.

Finalmente, antes de pasar a discutir el segundo cargo imputado, es menester señalar que un abogado no puede cruzarse de brazos y desatender la reclamación que le encomendaron sus representados por el mero hecho de ingresar en el servicio público. Hasta tanto el Tribunal Federal no aceptara la renuncia del licenciado Torres Muñoz, éste tenía la obligación de representar a los querellantes con la más excelsa competencia, compromiso e integridad.

**Cargo II**

En el segundo cargo imputado, el Procurador General señala que el licenciado Torres Muñoz no mantuvo informado del estatus del caso a los querellantes; no les informó que no podía seguir representándolos debido a que comenzaría a trabajar en el Departamento de Salud; y tampoco les comunicó que su caso había sido desestimado con perjuicio por inactividad. Tras celebrar la vista evidenciaria, el Comisionado Especial concluyó, al igual que el Procurador General, que el licenciado Torres Muñoz, no mantuvo informado a los querellantes del estatus de su caso a pesar de las múltiples gestiones que éstos realizaron para comunicarse con él.

Luego de examinar detenidamente los autos del caso, cabe concluir que el licenciado Torres Muñoz infringió el Canon 19 del Código de Ética Profesional.  Surge del expediente que los querellantes trataron infructuosamente de reunirse con el abogado para que éste les informara el estatus del caso a nivel federal. No obstante, el licenciado no les contestaba sus llamadas ni se reunió con ellos cuando éstos viajaban desde Aguadilla hasta su oficina, ubicada en Bayamón. Más aún, el licenciado Torres Muñoz no les informó a los querellantes que su causa de acción había sido desestimada con perjuicio.

La conducta del licenciado Torres Muñoz al no mantener informados a los querellantes es de todo punto incompatible con los postulados éticos que éste juró defender y obra en detrimento de la sana administración de la justicia.

**Cargo III**

El Comisionado Especial concluyó en su informe, al igual que el Procurador General, que el licenciado Torres Muñoz incurrió en conducta violatoria al Canon 20 del Código de Ética Profesional. Por su parte, el licenciado Torres Muñoz adujo que no incurrió en dicha violación puesto que presentó una moción de renuncia de representación legal en el julio de 2001.

No obstante, al examinar la referida moción notamos que es el único documento que no tiene el sello de recibido del Tribunal Federal. De hecho, dicho documento tiene la fecha incompleta ya que no señala el día en que el abogado se disponía a presentarla. Además, tampoco aparece en el "docket" del caso del Tribunal Federal. En la vista evidenciaria realizada ante el Comisionado Especial, el licenciado Torres Muñoz no pudo explicar por qué dicha moción no aparece presentada en el expediente del Tribunal Federal.

Es imperativo señalar que la única moción de renuncia de representación legal que está ponchada por la Secretaría del Tribunal Federal y que aparece en el "docket" tiene fecha de 8 de agosto de 2003. El licenciado Torres Muñoz presentó la referida moción un año y medio después que el caso de los querellantes fue desestimado con perjuicio.

Aún cuando la intención del licenciado Torres Muñoz era renunciar a la representación legal de los querellantes en el 2001, lo cierto es que éste no presentó la moción para ello, no les entregó el expediente a sus clientes y mucho menos tomó las precauciones necesarias para salvaguardar sus derechos. La mera presentación de la

moción de representación legal no relevaba al licenciado Torres Muñoz de defender diligentemente los derechos de sus clientes hasta tanto el tribunal la aceptara.

## IV

Resta entonces determinar la sanción disciplinaria que corresponde imponer. Para estos fines, hemos señalado que tomaremos en cuenta los siguientes factores: la buena reputación del abogado en la comunidad, su historial previo, si ésta constituye su primera falta y ninguna parte ha resultado perjudicada, la aceptación de la falta y el sincero arrepentimiento, si se trata de una conducta asilada, el ánimo de lucro que medie de su actuación, el resarcimiento al cliente y, cualesquiera otras conmiseraciones, ya bien atenuantes o agravantes, que medien a tenor de los hechos.[21]

Aun cuando es la primera falta del licenciado Torres Muñoz y éste les pidió disculpas a los querellantes en la vista del caso, su actuación es inexcusable. El proceder displicente, contumaz y negligente desplegado por el licenciado Torres Muñoz hacia los querellantes nos obliga a tomar medidas disciplinarias contra él. Su conducta le causó un daño irreparable a los querellantes, al extremo que su reclamación, por demás meritoria, fue desestimada con perjuicio. Procede como sanción disciplinaria la suspensión por el término fijo de un (1) año de Ricardo Torres Muñoz del ejercicio de la abogacía.

---

[21] In re De Léon Rodríguez, res. 11 de febrero de 2008, 173 D.P.R.___, 2008 T.S.P.R. 41.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo L. Torres Muñoz                    CP-2006-9

SENTENCIA

San Juan, Puerto Rico, a 2 de octubre de 2008.

Por los fundamentos expuestos en la Opinión *Per* Curiam que antecede, la cual se hace formar parte íntegra de la presente, procede como sanción disciplinaria la suspensión por el término fijo de un (1) año de Ricardo Torres Muñoz del ejercicio de la abogacía.

Se le impone al abogado querellado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Se ordena que esta Opinión Per Curiam y Sentencia sea notificada personalmente al Lcdo. Ricardo Torres Muñoz.

CP-2006-09

Se dictará sentencia de conformidad.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez no interviene.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo