HERMENEGILDO ORTIZ, ETC., demandantes y recurridos, *v.* DR. RAMÓN A. SOLIVÁN MIRANDA ET AL., demandados y recurrentes.

*Número:* CE-88-100     *Resuelto:* 25 de febrero de 1988

*Manuel J. Camacho Córdova*, de *Cancio, Nadal & Rivera*, abogado de la Corporación Insular de Seguros, recurrente; *Walter H. Muñiz*, de *Carlo & Dubos*, abogado del Dr. Ramón A. Soliván Miranda, recurrente; *Osvaldo Pérez Marrero*, abogado de los recurridos.

## SENTENCIA

### I

El 15 de febrero de 1985 el Dr. Ramón A. Soliván, mientras transitaba por la Carr. Est. Núm. 1, sufrió un accidente automovilístico en el que perdió la vida su esposa, que lo acompañaba. Los padres y los hermanos de la occisa demandaron en una acción de daños y perjuicios al doctor Soliván y a su compañía aseguradora, la Corporación Insular de Seguros.

Por designación de la aseguradora, el bufete Cancio, Nadal & Rivera asumió la representación legal de ambos. En la contestación de la demanda se admitió la existencia de una póliza de seguros, la cual habría de estar sujeta a las cláusulas, condiciones y limitaciones de la misma.

Señalado el caso para vista, compareció a la misma como abogado de los demandados recurrentes el Lcdo. Miguel Bonilla del bufete antes mencionado. Al inicio de la vista, éste solicitó al tribunal que le eximiera de la representación legal del doctor Soliván y de la compañía aseguradora, toda vez que *durante el proceso de descubrimiento de prueba pudo constatar que la cubierta de la póliza de la codemandada, aquí recurrente, excluye las reclamaciones de familiares del asegurado* y que esta situación creaba un conflicto de intereses que le obligaba a renunciar a la representación de ambos.

El tribunal de instancia declaró sin lugar el pedido, basándose en que a ese nivel de los procedimientos era improcedente en derecho levantar la defensa de falta de cubierta, en vista de lo cual desaparecía cualquier conflicto de intereses entre las partes y, por ende, la renuncia de representación legal por este fundamento no procedía.

De esta determinación acudió ante nos la codemandada recurrente Corporación Insular de Seguros para alegar que había incidido el tribunal a quo al denegar la renuncia de representación legal y al no permitir que se levantara la defensa de falta de cubierta en la vista del caso.

Mediante resolución de 22 de febrero de 1988 decretamos no ha lugar al recurso de *certiorari* presentado.

El 24 de febrero de 1988 compareció nuevamente la recurrente mediante solicitud de reconsideración, en la que reiteraba su pedido de que se expida el auto de *certiorari* solicitado.

Acordamos reconsiderar y expedimos el auto de *certiorari* bajo los términos de la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A. Procedemos a decidir sin ulteriores procedimientos.

## II

Dispone el Canon 21 de Ética Profesional que:

El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales.

No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.

. . . . . . . .

Cuando un abogado representa a un cliente por encomienda de otra persona o grupo, quien le paga al abogado por dicho servicio, *debe renunciar la representación de ambos tan pronto surja una situación de conflicto de intereses entre la persona o grupo que le paga sus honorarios y la persona a quien representa.*—Diciembre 24, 1970, ef. Diciembre 24, 1970. (Énfasis suplido.) 4 L.P.R.A. Ap. IX, C. 21.

No hay duda de que dentro del significado del Canon 21 de Ética Profesional, *supra*, existe un conflicto de intereses entre la compañía aseguradora y el codemandado, aquí recurrente, doctor Soliván que hace impropio que los mismos abogados representen a ambas partes. Los abogados tienen el deber de abogar a favor de la compañía aseguradora la inexistencia de cubierta, mientras que también tienen el deber de abogar por la existencia de cubierta a favor del doctor Soliván. Pueden existir hechos relevantes a una u otra posición que sea pertinente probar durante la vista del caso. El hecho de que el tribunal a quo no haya permitido levantar la defensa de falta de cubierta no es determinante, pues esa no es una decisión final. La misma puede reconsiderarse o revo-

carse por el mismo tribunal, *Srio. del Trabajo* v. *Tribunal Superior*, 95 D.P.R. 136, 140 (1967); *Rivera* v. *Insurance Co. of P.R.*, 103 D.P.R. 91, 94 (1974); *In re Stanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895), o puede revisarse por este Foro. En vista de ello, las partes tienen derecho a que sus abogados tomen las medidas y determinaciones propias y legítimas que puedan hacer valer sus respectivas posiciones. No es posible ni permisible que los mismos abogados asuman posiciones tan irreconciliables representando partes en conflicto en un mismo pleito. Procede, por tanto, autorizar la renuncia de representación planteada por el bufete Cancio, Nadal & Rivera.

La relación abogado-cliente, como se desprende del citado canon, debe estar basada en la absoluta confianza entre ambas partes. En función de este principio ético, el abogado al representar más de un cliente debe estar atento y auscultar la posibilidad de conflictos entre sus representados, previo a la aceptación de la representación legal. Ante el asomo razonable de posibles conflictos debe declinar representar a ambos simultáneamente. Esta exigencia se acentúa cuando se trata de clientes que mantienen entre sí relaciones propensas a confligir. Son prolijos los casos en los que han surgido conflictos entre asegurador y asegurado por razón de interpretaciones encontradas de los términos de la póliza o de la cubierta, lo cual debe ser de conocimiento de todo letrado.

El abogado de la recurrente sostiene que fue durante el procedimiento de descubrimiento de prueba que se percató o tuvo conocimiento del conflicto antes aludido, por no desprenderse de la demanda la relación matrimonial del doctor Soliván y la occisa. Consideramos, sin embargo, que una simple investigación preliminar sobre la cubierta de la póliza y las partes, básica y rutinaria en todo caso, hubiera puesto de relieve la relación matrimonial en cuestión. Además, aun

cuando no fuera posible anticipar este alegado conflicto o no hubiera sido factible detectarlo previo al descubrimiento de prueba, no actuó el bufete Cancio, Nadal & Rivera con la debida diligencia al esperar el momento de la vista para solicitar la renuncia a la representación legal, cosa que pudo haber hecho tan pronto se percatara del posible conflicto de intereses durante el proceso de descubrimiento de prueba. Ello pudo haber evitado demora en la vista del caso.

A tenor con los anteriores pronunciamientos, declaramos con lugar el pedido de reconsideración, se expide el auto de *certiorari*, se autoriza la renuncia de la representación legal de los abogados de Cancio, Nadal & Rivera, y se le impone el pago de $300 en honorarios de abogado a favor de los demandantes recurridos, por razón de la injustificada tardanza en hacer el planteamiento en cuestión.

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón emitió voto particular disidente, al cual se une el Juez Asociado Señor Hernández Denton.

(*Fdo.*) Bruno Cortés Trigo
*Secretario General*

—O—

Voto particular disidente de la Juez Asociada Señora Naveira de Rodón, al cual se une el Juez Asociado Señor Hernández Denton.

La demanda en este caso se presentó el 13 de febrero de 1986 y la contestación el 14 de mayo de 1986. Sin embargo, según se desprende de la minuta que acompañó la recurrente con su recurso de *certiorari*, no es hasta el 9 de noviembre de 1987, el día señalado para la vista en su fondo y luego que el tribunal de instancia ya había ordenado que se le tomara juramento a los testigos y había juramentado al demandado,

aquí recurrente, Dr. Ramón A. Soliván Miranda, que el Lic. Miguel A. Bonilla Sierra, abogado que representa a los demandados recurrentes, doctor Soliván Miranda y la Corporación Insular de Seguros (Corporación), solicitó que se le eximiera "de continuar con la representación legal del Dr. Soliván Miranda y de la codemandada Corporación . . ., porque hay conflicto de intereses, ya que la póliza del demandado excluye los hechos de este caso, o sea las reclamaciones de familiares". *Exhibit* I, pág. 1.

El tribunal de instancia, muy acertadamente, no acogió este planteamiento. Expresó "que levantar la defensa de conflicto de falta de cubierta en esta etapa de los procedimientos, es improcedente en derecho, insólito, que por lo tanto se renunció a esa defensa, que la Compañía de Seguros viene obligada a continuar con la cubierta que hasta la fecha había representado, que no existe entre ellos ningún conflicto, de haber habido alguno se renunció". *Exhibit* I, pág. 1.

Así las cosas, el licenciado Bonilla Sierra solicitó que se paralizaran los procedimientos, aparentemente, para recurrir ante este Tribunal. El foro de instancia señaló la vista para el 20 de noviembre de 1987, por no estar "la prueba de la parte demandante". Deducimos que la vista en su fondo se pospuso, pues en su moción en auxilio de jurisdicción la demandada recurrente Corporación nos indica que la vista en su fondo está señalada para hoy 25 de febrero de 1988. En vez de recurrir inmediatamente para revisar la determinación del tribunal de instancia sobre renuncia por conflicto de intereses, la Corporación esperó hasta el 19 de febrero de 1988, más de tres (3) meses, para presentar este recurso.

Ante estas circunstancias no podemos estar de acuerdo con la opinión de la mayoría de este Tribunal. El tribunal de instancia actuó correctamente al no permitir esta táctica dilatoria. La defensa de falta de cubierta se había renunciado; no existe conflicto de intereses. Denegaríamos el recurso.