EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Roberto Torres Viera | 2007 TSPR 57<br><br>170 DPR \_\_\_\_ |

Número del Caso: CP-2005-10

Fecha: 20 de febrero de 2007

Oficina del Procurador General:

Lcda. Wanda I. Simons García
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Lcdo. José Ramón Castro Acevedo

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día 26 de marzo de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Roberto Torres Viera          CP-2005-10

PER CURIAM

En San Juan, Puerto Rico, a 20 de febrero de 2007.

El Lcdo. Roberto Torres Viera fue admitido al ejercicio de la abogacía en 1989. El 9 de septiembre de 2003 el Contralor de Puerto Rico presentó una queja ante este Tribunal alegando que el licenciado Torres Viera había incurrido en conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional.

La alegada conducta violatoria de dichos cánones consiste en que durante el tiempo que el licenciado Torres Viera ejerció como asesor legal del Municipio de Juncos, éste presentó una demanda contra terceros en representación de la parte demandada en un pleito civil, para traer

como tercero demandado al Municipio. En ese pleito la parte demandante alegó que la parte demandada le había privado ilegalmente del uso y disfrute de determinada franja de terreno colindante a su propiedad. Alegadamente el Municipio de Juncos era el dueño de los terrenos en controversia y por esto, el licenciado Torres Viera presentó la demanda contra terceros exigiéndole al Municipio que pusiera en vigor una ordenanza municipal que requería la separación de colindancias entre los terrenos.

El 23 de febrero de 2004 el Lcdo. Torres Viera contestó la queja alegando que sólo había incurrido en conducta violatoria del Canon 38, ya que la demanda presentada contra el Municipio no constituyó la divulgación de secretos y confidencias de su cliente, no reclamaba compensación económica y lo único que exigía era lo establecido en una ordenanza municipal. La queja fue referida al Procurador General, quien posteriormente fue autorizado a presentar una querella contra el Lcdo. Torres Viera por conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional.

En su contestación a la querella el licenciado Torres Viera alegó lo mismo que en su primera comparecencia en contestación a la queja, por lo que procedimos a nombrar un Comisionado Especial para que rindiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. El Comisionado rindió su informe y como parte de sus determinaciones de hechos informó que desde el 15 de abril de 1997 hasta el 22 de mayo de 2000, el licenciado Torres Viera mantuvo contratos de servicios profesionales con el Municipio de Juncos.[1]

---

[1] Hay una discrepancia respecto a la fecha de duración de los contratos de asesoría legal con el Municipio de Juncos

El Comisionado determinó que el 1 de abril de 1997 se presentó una demanda civil que el Lcdo. Torres Viera contestó en representación de la parte demandada. El Comisionado añadió que el 7 de junio de 1999 y durante la vigencia de su contrato de asesoría legal con el Municipio de Juncos, el licenciado suscribió y presentó una demanda contra terceros en la que el Municipio figuró como tercero demandado. Finalmente, explicó que el caso aludido terminó mediante sentencia dictada el 22 de mayo de 2000, por la cual se desestimó la demanda y se ordenó el archivo de la demanda contra terceros, ya que el licenciado Torres Viera había anunciado que se desistía de la misma.

A base de los hechos determinados en su informe, el Comisionado Especial concluyó que el licenciado Torres Viera había violentado los Cánones 21 y 38 del Código de Ética Profesional. No obstante, recomendó que al imponer la sanción disciplinaria tomásemos en consideración que ésta es la primera falta cometida por el querellado.

## II

La relación abogado-cliente es una relación de naturaleza fiduciaria y está fundada en la honradez absoluta. In re Vélez Barlucea, 152 D.P.R. 298, 309 (2000). Con el propósito de proteger esta relación el Canon 21 del Código de Ética Profesional dispone lo siguiente en sus primeros tres párrafos:

> El abogado tiene para con su cliente un **deber de lealtad completa**. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de

---

entre la queja presentada por el Contralor y el Informe del Comisionado Especial. En la queja se alegó que los contratos de asesoría legal estuvieron vigentes desde el 1 de julio de 1996, hasta el 31 de diciembre de 2000. Sin embargo, según el informe del Comisionado Especial, en la vista celebrada el 13 de febrero de 2006 las partes admitieron el hecho de que los contratos de asesoría legal tuvieron vigencia desde el 15 de abril de 1997, hasta el 22 de mayo de 2000. Por tanto, tomaremos en consideración lo admitido por las partes.

sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales. **No es propio de un profesional el representar intereses encontrados.** Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.

**La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias** y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueban. Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste. (Énfasis suplido) 4 L.P.R.A. Ap. IX, C. 21.

El Canon 21 impone un deber de lealtad absoluta a todo abogado para con sus clientes. Este deber de lealtad incluye el deber de ejercer un criterio profesional independiente y desligado de sus propios intereses, y el deber de no divulgar secretos y confidencias que un cliente le haya revelado como consecuencia de la relación abogado-cliente. In re Vélez Barlucea, supra. Véase además, In re Bonilla Rodríguez, 154 D.P.R. 684, 695 (2001), Liquilux Gas Corp. v. Berríos, Zaragoza, 138 D.P.R 850, 857-858 (1995).

Hemos señalado que el Canon 21 contempla tres situaciones que los abogados deben evitar debido a que éstas representan un conflicto de intereses que quebranta el deber de lealtad y evita que el abogado ejerza una representación libre y adecuada para su cliente. In re Belén Trujillo, 126 D.P.R. 743, 753 (1990). La primera, es la **representación simultánea adversa**, donde en beneficio de un cliente el abogado tiene que defender aquello a lo cual

debe oponerse en cumplimiento de sus obligaciones para con otro cliente. La segunda, es la representación sucesiva adversa, en la cual el abogado acepta la representación de un cliente sobre asuntos que pueden afectar adversamente los intereses de un cliente anterior. Finalmente la tercera, donde un abogado acepta la representación legal de un cliente, o continúa en ella, cuando su juicio profesional puede ser afectado por sus intereses personales. In re Toro Cubergé, 140 D.P.R. 523, 529-531 (1996). Véase además, In re Bonilla Rodríguez, supra, 692. Ante cualquiera de estas tres situaciones bastará con que el conflicto de intereses sea uno potencial para que el abogado vulnere la lealtad absoluta que le debe a su cliente. Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 190 (1985). Véase además, In re Bonilla Rodríguez, supra, 694.

Respecto a la representación simultánea adversa, hemos establecido que para que se active la prohibición del Canon 21 será necesario que exista una relación abogado cliente dual. In re Soto Cardona, 143 D.P.R. 50, 55-56 (1997). Cuando un abogado se enfrenta a una representación simultánea adversa, éste no podrá traer como defensa la afirmación de que no utilizará las confidencias de sus clientes en perjuicio de éstos y tampoco será posible que los clientes consientan a la representación conflictiva. In re Carreras Rovira y Suárez Zayas, 115 D.P.R. 778, 784 y 793 (1984). Por esto, ante un potencial o actual conflicto de intereses el abogado estará obligado a renunciar a ambas representaciones. Liquilux Gas Corp. v. Berríos, Zaragoza, supra, 859. Véase además, Ortiz v. Solimán Miranda, 120 D.P.R. 559, 562 (1988).

El Canon 38 del Código de Ética Profesional le impone a todo abogado el deber de evitar la apariencia de una conducta profesional impropia. El Canon 38 dispone, en lo pertinente, que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia." 4 L.P.R.A. Ap. IX C.38.

En varias ocasiones hemos relacionado el deber impuesto por el Canon 38 al deber ético que impone el Canon 21. Los abogados tienen la obligación de evitar, tanto en la realidad como en la apariencia, la impresión de conducta conflictiva y tienen el deber de lucir puro y libre de influencias extrañas a su gestión profesional. In re Morell Corrada y Alcover García, 158 D.P.R. 791, 811 (2003). Véase además, In re Bonilla Rodríguez, supra, 696, In re Vélez Barlucea, supra, 310. Por esto, cuando un abogado asume una representación simultánea adversa que implica un real o potencial conflicto de intereses entre dos de sus representaciones legales, dicho abogado incurre en conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional.

### III

En este caso evidentemente existe una relación abogado cliente dual que representa un conflicto de intereses. El licenciado Torres Viera asumió la representación legal de la parte demandada en un pleito civil, mientras ejercía como asesor legal del Municipio de Juncos. A raíz de esta representación el licenciado presentó una demanda contra terceros para traer como tercero demandado a su otro cliente, el Municipio. Al presentar dicha demanda el licenciado tuvo que defender aquello a lo cual debía

oponerse en cumplimiento de sus obligaciones para con el Municipio. Esta representación dual conflictiva evitó que el licenciado ejerciera una representación libre y adecuada para sus clientes.

El licenciado Torres Viera alega que no violentó el Canon 21, ya que la demanda contra terceros no constituyó la divulgación de secretos y confidencias del Municipio, no reclamaba compensación económica y lo único que exigía era lo establecido en una ordenanza municipal. No tiene razón. Anteriormente establecimos que cuando un abogado representa a un Municipio y a su vez es el abogado de causas en que el Municipio puede ser llamado a responder, dicha conducta es contraria al deber de lealtad impuesto por el Canon 21. Al respecto expresamos:

> Nos parece que, en el caso ante nuestra consideración, resulta impermisible, desde el punto de vista de la ética profesional, que los abogados Israel Roldán González y José J. Medina Méndez continúen siendo abogados de la Asamblea Municipal de Aguadilla y al mismo tiempo sean abogados en causas en que el Municipio de Aguadilla pueda ser llamado a responder. En las circunstancias particulares de este caso, nos parece inevitable que se desliguen de ambas representaciones profesionales. In re Roldán González, 113 D.P.R. 238, 243 (1982).

La afirmación del licenciado Torres Vieras de que la demanda no constituyó la divulgación de secretos y confidencias del Municipio no es justificación para asumir una representación simultánea adversa. In re Carreras Rovira y Suárez Zayas, supra, 784 (1984). Tampoco es justificación el hecho de que la demanda no reclamaba compensación económica o que la misma exigía lo establecido en una ordenanza municipal. El sólo acto de demandar a su propio cliente en representación de otro es conducta suficiente para establecer un claro conflicto de intereses entre ambas representaciones. Bien hemos dicho que bastará

con que haya un conflicto de intereses _potencial_ para que el abogado quebrante su deber de lealtad. _In re Vélez Barlucea_, supra, 309-310. Véase además, _Sánchez Rodríguez v. López Jiménez, supra._

Concluimos que el licenciado Torres Viera asumió una representación simultánea adversa quebrantadora del deber de lealtad impuesto por el Canon 21 del Código de Ética Profesional. Por eso, venía obligado a renunciar a ambas representaciones. Según surge del expediente, el licenciado no cesó de ejercer ambas representaciones hasta después de terminar el pleito civil en el cual trajo como tercero demandado al Municipio.

El licenciado Torres Viera aceptó haber incurrido en conducta violatoria del Canon 38 del Código de Ética Profesional. El presentar una demanda contra terceros en perjuicio de su cliente constituyó una conducta profesional conflictiva e impropia que ciertamente no exalta el honor ni la dignidad de nuestra profesión. _In re Morell Corrada y Alcover García_, supra, 811. Véase además, _In re Bonilla Rodríguez_, supra, 696, _In re Vélez Barlucea_, supra, 310. Tomando en consideración que ésta es su primera falta profesional, se ordena la suspensión del licenciado Torres Viera del ejercicio de la abogacía por el término de dos (2) meses.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Roberto Torres Viera          CP-2005-10




*SENTENCIA*


En San Juan, Puerto Rico, a 20 de febrero de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión del Lcdo. Roberto Torres Viera del ejercicio de la abogacía por el término de dos meses.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Rebollo López limitaría la sanción disciplinaria a una censura. El Juez Asociado señor Rivera Pérez no intervino.



Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo